### STATE v. FIRST NAT. BANK OF CLARK.

1. Where, in a criminal prosecution, the evidence does not show in what country or state the alleged offense was committed, a judgment of conviction cannot be sustained.
2. Evidence from which it might possibly, though not necessarily, be inferred that the alleged offense occurred in a particular town, does not, in the absence of any testimony tending to show the location of such town, sufficiently prove the venue.

(Syllabus by the Court. Opinion filed April 5, 1892.)

Error to circuit court, Clark county. Hon. J. O. ANDREWS, Judge.

Criminal action for usury. Verdict against the defendant. Defendant appeals. Reversed.

The facts are stated in the opinion.

*O. F. Woodruff*, *F. Strawder* and *F. G. Bohri*, for plaintiff in error.

The state has no criminal jurisdiction or control over a creature of the United States laws except as granted by congress. Sturgis

v. Crowningshield, 4 Wheat. 122; Prigg v. Pennsylvania, 16 Pet. 539; *Ex parte* Hamilton, 7 Fed. 767; State v. Pike, 15 N. H. 83; Bank v. Garlinghouse, 26 Ohio St. 492; Bank v. Pratt, 115 Mass. 539; Davis v. Randall, *Id.* 547; Hintermister v. Bank, 64 N. Y. 212; State v. Adams, 4 Blachf. 147; People v. Kelly, 38 Cal. 145; McCullock v. State, 4 Wheat. 316; Weston v. Charleston, 2 Pet. 466; Brown v. Maryland, 12 Wheat. 419; Bank v. Dearing, 91 U. S. 29; Brown v. Bank, 77 Pa. 209; Wiley v. Starbuck, 44 Ind. 298; U. S. v. Cornell, 2 Mason's C. C. 91; U. S. v. Bailey, 9 Pet. 261.

A charge to the jury should not contain language implying what the judge thinks of the evidence or assume the existence of material facts. Van Duzor v. Allen, 90 Ill. 499; Hubner v. Feige, *Id.* 208; Frame v. Badger, 79 Ill. 441; Railroad v. Moranda, 108 Ill. 576; Adams v. Smith, 58 Ill. 417; Railroad v. Patterson, 63 *Id.* 304; Chapman v. Stewart, *Id.* 332; Cusick v. Campbell, 68 Ill. 508; Insurance Co. v. Crawford, 89 Ill. 62; Oleson v. Upsahl, 69 Ill. 273; Durham v. Goodwin, 54 Ill. 569; Farnam v. Childs, 66 Ill. 544; Jamison v. Graham, 57 Ill. 94; Stout v. McAdams, 2 Scam. 67; Railroad v. George, 19 Ill. 518; Railroad v. Manly, 58 Ill. 300; Railroad v. Cragin, 71 Ill. 177.

*Robert Dollard, Attorney General, S. H. Elrod* and *E. P. Conser* for defendant in error.

Under acts of congress of February 18, 1875, and July 12, 1882, state courts have jurisdiction over national banking associations. Bank v. Morgan, 132 U. S. 282; Bank v. Bank, 14 Wall. 383; Bank v. Cooper, 120 U. S. 816; Bank v. Fore, 25 Fed. 209; Bank v. Miller, 15 Fed. 703; Whittemore v. Bank, 134 U. S. 1002; 22 St. at large, 162, 163, c. 290, § 4; Bank v. Overman, 34 N. W. 107; 1 Kent, Com. 400; Wesson v. Bank, 5 West. 270; State v. Insurance Co., 127 U. S. 139.

The jurisdiction of superior courts cannot be taken away by statute except by express words or necessary implication. Gould v. Hayes, 19 Ala. 438; State v. Moore, *Id.* 514; *Id.* v. Bell, 5 Part. 365; 12 Am. & Eng. Ency. Law, 303.

KELLAM, P. J.   Plaintiff in error was indicted by the grand jury of the county of Clark for receiving interest for the use of money greater than that allowed by law; was tried, convicted, and

sentenced by the circuit court of that county; and brings error to review the record of such trial. The same proceedings preliminary to trial and in arrest of judgment were had in this case as in State v. Bank, decided at the last term of this court, and reported in 2 S. D.— The questions arising in such proceedings were fully considered and decided in that case, and it is unnecessary to re-examine them here. Upon the trial the testimony was all upon the part of the state, was very brief, and is all before us. The judgment must be reversed, because it nowhere appears that the trial court had jurisdiction of the offense. The evidence is perhaps sufficient to justify the conclusion that more than 12 per cent. interest was received, but whether the offense occurred in Clark county, or even in the state of South Dakota, is not proven, nor attempted to be proven. The prosecuting witness testified that he borrowed money of plaintiff in error, stating the amount; that he repaid it, stating when and what amount he so paid; and that the interest so paid was more than 12 per cent. There was no evidence as to where the transaction occurred. It is a rule in criminal law, so old and well established as to have the force of statute, that the *locus delicti* must be shown by the evidence to be within the jurisdiction of the trial court or else the conviction will not stand. Stazey v. State, 58 Ind. 514; State v. McGinniss, 74 Mo. 245; People v. Parks, 44 Cal. 105; Larkin v. People, 61 Barb. 226; Dougherty v. People, 118 Ill. 160, 8 N. E. Rep. 673. The venue must be shown by the evidence. It cannot be established solely by inferences. Sedberry v. State, 14 Tex. App. 233. The only fact in evidence from which it might be inferred that the alleged offense was committed in Clark county is that the business transaction of which the offense charged was a part was with the First National Bank of Clark. It does not appear where the business, or any part of it, was transacted, whether at its office or some other place inside or outside of Clark county. The transaction of the business of a national bank is not necessarily confined to its office, or the place where its office is located. Merchants' Bank v. State Bank, 10 Wall. 604. But, even if it might be safely and reasonably inferred that the payment of the illegal interest took place at the office of the plaintiff in error in Clark, there was no evidence

tending to show that Clark was in the county of Clark. To sustain a conviction, the court will not take judicial notice of the location of a town. State v. Quaite, 20 Mo. App. 405; State v. Hartnett, 75 Mo. 251. This is a criminal prosecution, and must be governed by the usual rules of criminal procedure. To hold the venue sufficiently proved in this case would establish a precedent which we could not follow in a homicide case. The judgment is reversed, and the case remanded for new trial. All the judges concur.