STATE, Respondent, v. PAUL, Appellant.

(169 N. W. 739).

(File No. 4363. Opinion filed Sept. 3, 1918. Rehearing denied November 4, 1918).

**1. False Pretenses—Procuring Paid Check, Selling Watch Therefor—Information, Sufficiency.**

An information stating in substance that defendant wilfully, etc., with intent to cheat and defraud one M, obtained from S. a check at the request of his creditor M., payable to defendant, which check was thereafter paid to him or his assigns, and that he, as an inducement to procuring the check, produced his watch, concerning which he made certain specified representations as value and make, which were false and exaggerative as to value and make, that M. was deceived thereby, and that, in-

duced thereby, M. purchased the watch, paying for same with said check—states an offense under Pen. Code, Sec. 645, providing that one who with intent to cheat or defraud another designedly, * * by * * any * * false pretenses, * * obtains from another any money or property, is guilty of said crime.

2. **Same—Information—"Designed," "Wilfully, Unlawfully, Feloniously" as Equivalents.**

An information alleging that defendant "with knowledge" that certain alleged false pretenses were false, "willfully, unlawfully, and feloniously" performed certain acts, sufficiently states the intent, under Pen. Code, Sec. 645, providing that one who "designedly" performs certain acts is guilty of obtaining money, etc., under false pretenses.

3. **Same—Larceny by Fraud, Distinguishing Features—Rule Stated.**

If possession is obtained by fraud, and owner intends to part with his title as well as possession, the offense is that of obtaining property by false pretenses, if statutory means by which it is acquired are used; but if possession is fraudulently obtained with intent to convert the property to ones own use, and owner intends to part with possession only, and not with title, the offense is larceny.

4. **Same—Procuring and Selling Property For, A Check—Paying Out Bank Money, As Payment of Check—Information.**

Allegations in an information for obtaining money under false pretenses, that the drawer of a procured check had money in drawee bank, that said money was paid by the bank to it, to whom the check was passed, is equivalent to alleging that M received money upon the check.

5. **Criminal Law—Excessive Sentence, Punishment, Whether Question Determinable on Motion in Arrest.**

The question of punishment, or whether same was or not excessive, cannot be properly raised upon motion in arrest of judgment.

Appeal from Circuit Court, Davison county. HON. FRANK B. SMITH, Judge.

The defendant, Joseph Paul, was convicted of obtaining property under false pretenses, and he appeals. Affirmed.

Charles F. Tym, and Porter & Grantham, for Appellant.

P. A. Zollman, and C. C. Caldwell, Attorney General, for the State.

(1) To point one of the opinion, Appellant cited:

People vs. Tomlinson, 35 Cal. 503; State vs. Butcher, 1 S. D. 401, 47 N. W. 406; State vs. Burchard, 4 S. D. 57 N. W. 491.

Respondent cited:

Laws 1913, Ch. 242; 19 Cyc. 393; Peo. vs. Hines (Cal.) 89 Pac. 858.

(3) To point three, Appellant cited:

Pen. Code, Sec. 605.

Respondent recited:

11 Ruling Case Law, 828; State vs. Buck, 186 Mo. 15, 84 S. W. 951, 2 Ann. Cas. 1007 and note; 2 Russell on Crimes (9th Ed.) 201; Com. vs. Eichelberger, 119 Pa. St. 254.

McCOY, J. Appellant was convicted of the criminal offense of obtaining property under false pretenses, and brings the cause before this court on appeal. After conviction the appellant made motion in arrest of judgment on the ground that the information does not describe or state a public offense. The information in substance alleged that Joseph Paul, the appellant, on the 25th day of October, 1917, in the county of Davison and state of South Dakota, did willfully, unlawfully, and feloniously, with intent to cheat and defraud one Miller, obtain from one Stahl, at the request of Miller, the said Stahl then and there being indebted to said Miller, by false and fraudulent pretenses, a check drawn by said Stahl upon the Mitchell National Bank of Mitchell, S. D., in favor of said Paul, for the sum of $12 and of the value of $12, in which said bank at said time the said Stahl had sufficient money to pay said check, and that the said sum of $12 lawful money of the United States, the property of said Miller of the value of $12 was thereafter and before the beginning of this proceeding paid by said bank upon said check to the said Paul, or his assigns, which check and property were obtained by false and fraudulent pretenses as follows: That at the said time and place the said Paul exhibited and showed to the said Miller a watch which he offered to sell to said Miller, and then and there falsely and fraudulently stated and represented that said watch was an Elgin watch, manufactured by the Elgin National Watch Company of Elgin, Ill., and that the case of said watch was guaranteed by said Elgin National Watch Company to be a gold-filled case, and to wear 25 years, that said watch was worth $12, and that said Paul had sold to the jeweler Woelfel, of Mitchell, $1,200 worth of the same kind of watch, at that price, that the works in said watch contained 21 jewels, all of which statements were believed and relied upon by said Miller, who was deceived thereby, but which statements were

false and untrue, and known to be false and untrue by said Paul at said time, that said watch was not an Elgin watch, and was not made by the Elgin Watch Company of Elgin, Ill., or any other Elgin Company of Elgin, Ill., and was not of the value of $12, or other amount to exceed $3, that said works of said watch did not contain 21 jewels, or any other amount of jewels, and said case was not gold-filled, and that the said Paul never sold to said Woelfel $1,200 worth of said watches or any other amount; that said case and works are not guaranteed by the Elgin Watch Company; and that, induced by said false and fraudulent representations, the said Miller purchased said watch of said Paul, and the same was delivered to him by said Paul, and he paid said Paul therefor with the check of said Stahl drawn on said bank, and of the value of $12 as hereinabove set forth; all of which false and fraudulent acts of said Paul were contrary to the form of the statute in such case made and provided.

[1] We are of the view that this information, although not as artistically drawn as it might have been, and although it contains much unnecessary evidentiary matter, nevertheless does contain a substantial statement of all the elements necessary to describe and constitute the offense of obtaining property by false and fraudulent pretenses under section 645, Penal Code. As applicable in this case, the substance of the provisions of this section of our criminal law is that "every person who, with intent to cheat or defraud another, designedly, * * * by * * * any * * * false pretense, * * * obtains from any [other] person any money or property," is guilty of the offense of obtaining property by false pretenses. A careful analysis of the information present will reveal that it fully contains in substance all the elements of the offense as defined in said section 645.

[2] It is urged by appellant that the omission of the word "designedly" from this information is fatal. We are of the view however, that the allegations of the information that this act was done willfully, unlawfully, and feloniously, with intent to cheat and defraud, and with knowledge on the part of said appellant that such alleged false pretenses were in fact false, sufficiently satisfies the rule that the substance of a criminal statute is all that is necessary to be stated in an information or indictment in describing the offense of which the defendant is charged, in other words,

that it is not necessary to use the exact language of the statute in charging an offense. The case of State v. Halida, 28 W. Va. 499, is directly in point. In that case the court said:

"The pretense could not be knowingly false without at the same time being designedly false."

[3] Appellant also contends that if the information states any offense at all it is that of larceny by fraud. The line of demarcation between larceny by fraud and the obtaining of property by false pretenses is very closely drawn, and, as some courts have said, is more or less technical. In some jurisdictions the obtaining of property by false pretenses is denominated and prosecuted as larceny, while in the criminal law of this state we find two offenses separately defined. In 11 Ruling Case Law, p. 828, it is said that:

"The distinction between the crime of obtaining money or goods by false pretenses and that of larceny rests in the intention with which the owner parts with possession. Thus, if possesssion is obtained by fraud, and the owner intends to part with his title as well as his possession, the offense is that of obtaining property by false pretenses, provided the means by which it is acquired are such as in law are false pretenses. But if possession is fraudulently obtained with present intent on the part of the person obtaining it to convert the property to his own use, and the owner intends to part with his possession merely, and not with his title, the offense is larceny."

We are of the view that this is the very distinction that exists between the two offenses under the criminal law of this state, and, applying this rule of distinction, the allegations of the information clearly constitute the offense of obtaining property by false pretenses.

[4] It is also urged by appellant that it is uncertain whether the information alleges that appellant obtained a check for $12, or $12 in money, by means of said alleged false pretenses, and also that it does not appear that appellant ever actually received any money upon said check. We are of the view that the allegations of the information charge appellant with having obtained a check by means of false pretenses, and that the allegations in regard to the said Stahl, the drawer of said check, having said money in said bank, and that said money was thereafter paid to appellant, or his assigns, by said bank, by virtue of said check,

was evidentiary matter intended to show the validity of said check. Some courts in such cases hold to the rule that a check so alleged to have been obtained must be shown to be a valid check, and that there was money in the bank from which the same would or could have been paid.

[5] Appellant also urges that if he had been prosecuted for larceny, the sentence or punishment would and could not have been that which has been inflicted. We are of the view that the question of punishment, or whether the same was excessive or not, was not, and could not have been, a matter material or proper to be brought before the lower court, or this court, by means of a motion in arrest of judgment.

Finding no error in the record, the judgment appealed from is affirmed.