## STATE, Respondent, v. EGAN, Appellant.

### (183 N. W. 652.)

(File No. 4846.   Opinion filed June 30, 1921.)

1. **Appeal—Error—No Assignment Re New Trial, Appeal From Judgment Only Considered.**

   Where no assignment of error as to denial of new trial are in appeal record, questions considered will be confined to appeal from judgment.

2. **Information—Presenting False Claim for Insurance—Failure to State Offense, Objections on Trial, Without Demurrer, By Moving for Verdict, Arrest of Judgment and For Non-statement of Offense, Effect—Statutes.**

   Under Sec. 4771, R. C. 1919, providing grounds for demurrer to information, Sec. 4779, providing that, when objections mentioned in Sec. 4771 appear on face of information, objection must be by demurrer, except as to objection of want of jurisdiction of court, or that it does not describe public offense, may be taken at trial under plea of "not guilty" and in arrest of judgment, held, that, even without demurrer, yet if failure to state offense, or that court did not have jurisdiction over subject of the information, appears on face of information, motion in arrest of judgment would be sustainable; but held, that, the only objection to information being that of failure to state venue of alleged offense, trial court properly denied such motion and properly overruled objection to introduction of evidence for failure to state offense, and properly denied motion for directed verdict, even though no demurrer was interposed; since failure to state venue (the only objection urged on appeal) is not fatal, place of alleged offense not constituting an element of the offense of presenting false or fraudulent claim for insurance under Sec. 4271, R. C. 1919.

3. **Information—Venue—Placing Venue in Other County Than Where Filed, Effect Re "Appearing on Face of Information," Re Jurisdiction.**

   If the information in question had expressly placed venue of offense in another county than that where it was filed, it then would have "appeared on the face of the information that trial court had not jurisdiction; that wide distinction exists between information showing want of jurisdiction of a particular cause, and one failing to show court has jurisdiction.

4. **Same—Where Venue Immaterial, Failure to State Venue Attackable By Demurrer Only Under Statute Requiring Jurisdiction Be Shown—Rule.**

   Except where place of alleged offense is material element of offense, an information setting it forth can be attacked for

18—Vol. 44, S. D.

failure to state venue, only by demurrer, under Sec. 4725, R. C.
1919, requiring information to disclose that offense charged
was "committed within the jurisdiction, of the court or, though
without the jurisdiction * * is triable" in that particular court;
and if such demurrer had been interposed in instant case,
defect was remedial by new information; while defects which,
under Sec. 4779, may be relied on under plea of "not guilty"
and in arrest of judgment, present facts fatal, the one, to
claim of guilt, the other, to right of court to exercise juris-
diction.

5.  **Criminal Law—Evidence—Defendant Taking Stand, Subject to
    Impeachment.**

    Defendant under criminal prosecution, taking witness stand,
    renders himself subject to impeachment as any other witness
    might.

6.  **Same—Evidence—Disbarment, Defendant Testifying to His Own—
    Cross-examination Re, Records Re, Whether Improper Re Im-
    peachment.**

    Where defendant took stand and testified he had twice been
    disbarred by Supreme Court, and so admitted in opening state-
    ment to jury, and state sought to prove on cross-examination
    some facts on which disbarments were based, held, trial court
    erroneously admitted court opinions in disbarment proceedings
    showing disbarment and (as to a third opinion) a proceeding
    for reinstatement after second disbarment, as against objec-
    tions of immateriality, incompetency, and improper cross-exam-
    ination; since, conceding without deciding that fact of disbar-
    ment might be material as tending to impeach credibility, yet
    admission of such fact by defendant was all-sufficient proof;
    purpose of cross-examination being to test truth of direct
    examination; no claim being made that such records disproved
    defendant's admissions, which latter were of same probative
    value to impeach his other testimony as though disbarment
    had been first shown on cross-examination.

7.  **Same—Non-admissibility of Court Opinions in Absence of Defend-
    ant's Admission of Disbarment—Such Records Prejudicial.**

    But even though defendant had not admitted such disbar-
    ment, and state desired to prove such fact, said Court opinions
    were inadmissible in evidence either as part of his cross-exam-
    ination or in rebuttal, though judgments of disbarment would,
    in view of such admissions, have been non-prejudicial; but
    such opinions, containing references to wrongful acts of de-
    fendant and this Court's views thereon, could not but be most
    prejudicial—might lead jury to believe him unscrupulous and
    that probably he would willingly make false report re proof
    under fire insurance, and should be convicted "on general

principles." So held, in prosecution for making such false report.

**8   Same—Defendant's Admission and Opening Statement, Whether Justifying Evidence Re Court Opinions Re Disbarment.**

Nor did defendant's admissions on witness stand, or his opening statement, open door for evidence re such Court opinions—they merely rendered further proof of disbarment immaterial.

**9.   Appeal—Error—Objection Without Specification of Particulars, Non-applicability of Rule to Objection of Improper Cross-examination, Or Where Objections Non-obviatable.**

The rule that general objections without specification of particulars wherein evidence is objectionable, are sufficient to require consideration by trial court, is inapplicable to objection re improper cross-examination, or to a situation where objections could not be obviated if specially noted.

**10.   Criminal Law—False Insurance Claim Report Re Removal of Property—Removal of Addition to Building, Evidence of Agreement to Remove To Reduce Insurance Rate, Admissability.**

In a prosecution for making false report of claim under insurance policy loss, held, that trial court erred in refusing to permit evidence under defendant's offer to prove that, in removing from the premises an addition to main building insured, which addition was removable without injury to main building, he had done so under agreement with insurer's agents that, in consideration of such removal, insurance rate would be reduced—he having advised them that the addition was foreign to use he intended to make of main building, he giving written covenant to so remove it; the alleged false report being failure to advise insurance company he had removed a material part of insured property; that court will assume that defendant could and would have proven all these facts.

Appeal from Circuit Court, Minnehaha County. Hon. FRANK B. SMITH, Judge.

The defendant, George W. Egan, was convicted of the offense of presenting false and fraudulent proofs in support of his claim for loss under a contract of insurance, and from a judgment of conviction, and from an order denying a new trial, he appeals. Reversed, and remanded for new trial.

*Jones, Muller & Conway,* and *Bailey & Voorhees,* for Appellant.

*Byron S. Payne,* Attorney General, *Vernon R. Sickel,* Assistant Attorney General, and *L. E. Waggoner,* for Respondent.

(2)   To point two of the opinion, Appellant cited:   Sec. 4717, R. C. 1919; Sec. 4275.

Respondent cited, re demurrer:   State v. Webb (N. D.) 162 N. W. 358; Peo. v. Grutz, L. R. A. N. S. 1915D, 229.

(3)   To point three, Appellant cited:   12 Stand. Enc. of Proc. p. 426, and cases there cited; State v. Beeskove, 41 Mont. 41, 85 Pac. 376; Const., Art. 6, Sec. 7.

(6)   To point six, Appellant cited:   In re Thorman's Estate, 160 Ia. 237, 144 N. W. 6, 40 Am. Ann. Cas., 484; People v. Dorothy, 46 N. Y. S. 970, affirmed 156 N. Y. 237.

Respondent cited:   40 Cyc. 2507; State v. Pancoast, (N. D.) 35 L. R. A. 518.

WHITING, J.   Section 4271, R. C. 1919, is as follows:

"Sec. 4271.   Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance for the payment of any loss, or who prepares, makes or subscribes any account, certificate, survey, affidavit, proof of loss, or other book, paper or writing with intent to present or use the same, or to allow it to be presented or used in support of any such claim, is punishable by imprisonment in the state penitentiary not exceeding three years, or by a fine not exceeding one thousand dollars, or both."

[1]   Defendant was informed against under this section, and charged with presenting false and fraudulent proofs in support of a claim for loss under a contract of insurance; and he now appeals from a judgment of conviction and from an order denying a new trial.   He has failed to assign as error the denial of a new trial; therefore the questions before us are such as arise because of the appeal from the judgment.

[2-4]   Appellant contends that the information herein stated no public offense, and that the trial court was without jurisdiction.   As the basis for a right to now present these contentions, he relies upon the following:   That he objected to the introduction of any evidence, basing such objection upon the ground that the information did not state facts sufficient to constitute an offense under the laws of this state; that he moved for a direction of verdict upon the same ground; and that he moved in arrest of judgment upon both of the above mentioned grounds.

Section 4771, R. C. 1919, provides the grounds upon which a demurrer to an information may be based; and section 4779 provides that, when the objections mentioned in section 4771 appear on the face of the information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the information, or that it does not describe a public offense may be taken at the trial under a plea of "not guilty" and in arrest of judgment. It follows, therefore, that, even though there was no demurrer interposed to the information, yet if it appears on the face of such information that the same does not state facts sufficient to constitute a criminal offense, or if it appears on the face of such information that the trial court did not have jurisdiction over the subject of the information, there was reversible error in the rulings of the court. The sole basis of appellant's contention is the failure of the information to specifically set forth the venue of the alleged offense. No claim is made but that, if the venue had been clearly stated, the information would have stated facts sufficient to constitute a public offense. Inasmuch as the place of the alleged offense in no manner constituted an element of such offense, it is apparent that there is no merit whatsoever to the claim that the information did not state facts constituting a public offense. If the information had expressly placed the venue of the offense in some county other than that where the information was filed, it would have then "appeared on the face of the information" that the trial court did not have jurisdiction of the cause. But there is a wide distinction between an information which shows on its face that a court has not jurisdiction of the particular cause, and an information which fails to show that the court has jurisdiction of such cause—it does not appear on the face of this information that the trial court did not have jurisdiction. Except where the place of an alleged offense is a material element of the offense, an information setting forth such offense can, because of an omission to allege the place thereof, be attacked by demurrer only; and so attacked because it did not conform to the requirement of section 4725, R. C. 1919, that an information should disclose, "that the offense charged was committed within the jurisdiction of the court, or though without the jurisdiction of the court, is triable" in that particular court. If such a demurrer had been interposed,

the defect could have been remedied by a new information supplying the omitted allegation; while those defects which, under section 4779, may be relied upon under a plea of "not guilty" and in arrest of judgment are defects which present facts fatal, the one, to a claim of guilt, the other, to the right of the court to exercise jurisdiction.

[5]  The defendant took the witness stand and, by so doing, rendered himself subject to impeachment exactly as any other witness might.  He testified, on direct examination, that he had been, by this court, twice disbarred from practicing as an attorney at law.  Upon his opening statement to the jury, he had admitted that he had been twice disbarred.  The state sought to prove, upon his cross-examination, some of the facts upon which the disbarments were based.  The court announced that the records in those proceedings would be the best evidence.

The state then offered three opinions in evidence as a part of defendant's cross-examination.  Two of these opinions were in the proceedings wherein defendant was disbarred, the other in a proceeding wherein he sought reinstatement after the second disbarment.  These opinions were objected to as immaterial and improper cross-examination, and one on the additional ground that it was incompetent.  These objections were overruled.

[6]  Conceding, but not deciding, that the fact that defendant had been disbarred, like the fact that a person has been convicted of a heinous offense, might be material as tending to impeach his credibility, yet the admission of such fact by defendant was all-sufficient proof thereof.  The purpose of cross-examination is to test the truth of the direct examination.  17 C. J. 385.  There is no pretense that these records would tend to disprove defendant's admissions, and defendant's admissions made upon his direct examination were of the same probative value to impeach his other testimony as though the fact of disbarment had been first shown on cross-examination.  It follows that the objections interposed should have been sustained.

[7]  But, even though the defendant had not admitted that he had been disbarred, and the state desired to prove such fact, we know of no authority whatsoever that would support the receipt in evidence of the opinons of this court either as a part of defendant's cross-examination or as a part of the state's rebuttal.

The introduction in evidence of the judgments of this court would have been nonprejudicial in view of defendant's admissions; but these opinions, containing as they do references to many wrongful acts of defendant and this court's views thereon, could not but be most prejudicial to him—a consideration of same might lead the jury to conclude that defendant had long escaped deserved punishment, that he would not scruple at any act, .that it was therefore probable that he would willingly make a false report, and that he should be convicted "upon general principles." The only authority cited by the state in support of the receipt of this evidence is the opinion in Lansing v. Mich. Cent. Ry. Co., 143 Mich. 48, 106 N. W. 692, where the findings of fact in a disbarment proceeding were received to impeach the disbarred attorney. But these were specific findings as to criminal conduct, and the court called attention to that fact. Without expressing any views as to the correctness of that decision, we need only suggest that findings as to criminal acts are far different than an opinion of a court, even though such opinion is based on the findings of such acts. In the proceedings entitled "In re Egan," much misconduct, not amounting to crimes, was discussed. These opinions will be found reported under the title "In re Egan," in 22 S. D. 355, 117 N. W. 874; 37 S. D. 159, 157 N. W. 310; 38 S. D. 458, 161 N. W. 1003.

[8, 9] The state contends that defendant opened the door for this evidence by his opening statement and voluntary admissions. The state is in error—defendant merely rendered further proof of these disbarments absolutely immaterial. The state further insists that the objections interposed by defendant to these opinions were not sufficient upon which to base an assignment in this court. It is true that this court has repeatedly held that a general objection, without specification of particulars wherein the evidence is subject to objection, is insufficient to require consideration by the trial court. But this rule would have no application to an objection that the examination was improper cross-examination, nor to a situation, such as in this case, where the objections could not be obviated if specifically noted. Bowdle v. Jencks, 18 S. D. 80, 99 N. W. 98.

[10] One of the particulars wherein it was claimed that the proof of loss presented by defendant was false was in relation to

the removal of a part of the property insured. The policy under which defendant claimed the right to be reimbursed for his loss through the destruction of the property insured, covered a certain two and a half story building situated upon certain described land. At the time that this policy was written, there was situated on this land a building answering the above description, which building was afterwards destroyed by fire. Attached to said building, at the time of the issuance of the policy, was an addition forming a material part of the entire structure, but so attached as to be capable of removal without injury to the main building. It appears undisputed that, very soon after this and numerous other policies were written covering this same property, defendant openly caused this addition to be torn down and that he removed the lumber for use at other places. In the report of loss upon which the information herein is based, he failed to make any report of the removal of such addition. In charging the jury upon this phase of the case, the court so charged the jury as to virtually direct a verdict against the defendant. We do not criticize such instruction, as we believe it was fully warranted under the undisputed evidence that had been received. But appellant assigns error in the refusal of the trial court to receive certain evidence offered by him. He sought to prove that this addition was considered an extra hazard; that, with such addition removed, the rate of insurance upon the main building would be $1.50 per hundred, while with the addition standing, it would be $1.75 per hundred; and that there was an understanding, at the time of the issuance of the particular policy to which this proof of loss referred, and also when the other policies were issued, that, as a consideration for a reduction of the insurance rate from $1.75 to $1.50, he was to, and he did agree to, remove such addition. After objections to various questions asked by him had been sustained, appellant offered to prove by certain named witnesses, they being the agents of the companies issuing the policies upon the property in question, that, in his applications for insurance—which applications were oral—appellant advised the agents that this addition was foreign to the use to which he desired and intended to put the main building; that he desired the insurance solely upon the main building; that it was agreed and understood with each of said agents that, as a condition for

the giving to him of a reduced rate of insurance, he should write and give to each of said agents a receipt containing a covenant and agreement to remove the said addition; and that he did write such receipts and deliver the same to said agents. This offer was refused. We are of the opinion that, in its excluding such evidence, the court committed prejudicial error. The question at issue was the criminality of defendant's act in making his report of loss and omitting to advise the insurance company that he had removed a material part of the property insured. For the purpose of this decision, we must assume that, if allowed so to do, appellant could and would have proven to the satisfaction of the jury all of these facts concerning which he offered proof. Certainly if, as a consideration for the insurance of the main building at a lower rate, appellant had agreed to remove the addition so that it would not remain a menace to the property really insured, there existed no reason whatsoever why he should report to said company the fact that such addition had been removed. If the addition had not been removed and had burned, appellant, under the facts sought to be proven, could not have claimed that the policies covered such addition.

Other questions are presented upon this appeal, but they are of such a nature that we deem their determination unnecessary at this time in view of the result that must be announced herein.

The judgment appealed from is reversed, and the cause remanded for a new trial.