STATE, Respondent, v. TAYLOR, Appellant.

(183 N. W. 998.)

(File No. 4833. Opinion filed July 16, 1921. Rehearing denied October 19, 1921.)

1. **Information—Obtaining Money Under False Pretenses—Pretense, Through Bank Check, That Bank Existed and Money Therein Subject to Check—Whether Statutory Offense Alleged.**

An information charging that defendant committed crime of obtaining money under false pretenses by wilfully, etc., obtaining from one H. a specified sum of money by executing and delivering to H. a signed and indorsed check purporting to order the C. S. bank in H. to pay to self or order said sum, and by falsely pretending thereby that there was such bank in H. and that defendant had sufficient money on deposit therein subject to check to meet the demand of said check when presented, while in fact no such bank existed, does not state facts constituting a crime under Sec. 4253, Code 1919, as amended by Ch. 133, Laws 1919, providing that one issuing any check * * for payment of money upon any bank * in which the maker or drawer shall not have sufficient funds to pay same upon presentment, payment thereof being refused by such bank or depositary, and shall fail or refuse on demand to pay the full amount of such check * * or restore the consideration received therefor to person entitled, is guilty of a misdemeanor. **Held,** further that it fails to state facts constituting a crime under Sec. 4249, Code 1919, declaring that every person who designedly, by color or aid of any false token or writing or other false pretenses * *, obtains from any person any money or property is punishable, etc.; since it does not charge that accused by verbal misrepresentations falsely stated that there was a bank named C S. Bank, or that he had sufficient money on deposit subject to check in such bank to meet same on presentation; the information in substance stating that accused wilfully, etc., obtained money by means of a check on a bank he knew did not exist.

2. **Same—"With Intent to Cheat and Defraud" Immaterial Allegations Under Amended Statute.**

The crime of false pretenses as defined by Sec. 645, Rev. Pen. Code 1903, having been changed by Sec. 4249, Code 1919, by omission of the words "with intent to cheat and defraud," and the amended section as material here, reading: "Any per-

son who designedly by color or aid of any false token or writing
* * * obtains from any person any money or property is pun-
ishable, etc.," under which section a specific allegation that
the act was done with intent to cheat or defraud is unneces-
sary, such intent not being an element of the crime thus de-
fined, the statute requiring only that the act shall be done
designedly.

3.  Same—Alleging Statute in Substance, Sufficient—"Willfully,
    Knowingly, Unlawfully and Feloniously" Equivalent to "De-
    signedly."
       It is sufficient to state the substance of the criminal statute
    in an information or indictment, it being unnecessary to use
    exact language of statute; and Sec. 4249 requires only that
    accused "designedly by color or aid of any false token or
    writing" shall have obtained from any person, money or prop-
    erty; and the words "wilfully, knowingly and feloniously" in
    the instant information are equivalent to the word designedly;
    the doing of an act designedly being the doing of it with the
    purpose or intention of specific design, which "design" under
    said statute is that to obtain the property of another—the
    means denounced by statute being use of a false token or
    writing, and the allegation that defendant knowingly employed
    such token in form of a check on a bank having no existence
    charges him with knowledge that there was no such bank as
    that on which the check purported to be drawn.

Appeal from Circuit Court, Hamlin County. Hon. WILLIAM
N. SKINNER, Judge.

The defendant, Arthur O. Taylor, was convicted of the crime
of obtaining money under false pretenses, and he appeals. Af-
firmed.

*John N. Weber,* and *George H. Marquis,* for Appellant.

*Byron S. Payne,* Attorney General, *Edwin R. Winans,* As-
sistant Attorney General, and *H. A. Lindstrom,* State's Attorney,
for Respondent.

(3) To point three of the opinion, Appellant cited: State
v. Pickett (Mo.) 74 S. W. 844, 174 Mo. 663; State v. Withee,
87 Me. 462, 32 Atl. 1013.

Respondent cited: State v. Paul, 41 S. D. 40, 169 N. W.
739; Commonwealth v. Hulburt (Me.) 12 Metc., 446; State v.
Williams, 139 Ind. 43, 38 N. E. 339, 47 Am. St. Rep. 225.

SMITH, J.  Appeal from a judgment of conviction and an
order overruling defendant's motion for a new trial. The as-
signments of error based upon an order of the trial court over-

ruling a demurrer to the information and an order overruling a motion for a new trial based upon the insufficiency of stipulated evidence to sustain a conviction, present but a single question: Does the information describe a public offense?

The information charges that the defendant—

"* * * did·commit the crime of obtaining money under false pre-ensest as follows, to wit: ' That on or 'about said 24th day of September, 1920, * * * said defendant' did willfully, knowingly, unlawfully, and feloniously obtain from one C. R. Horswill * * * the sum of $25·in lawful money of the United States, by execut-ing and delivering to said 'C. R. Horswill· a check as 'follows:

" 'Hudson, Wis., 9—24, 1920.

" 'Cosmopolitan State Bank: Pay to Self or order $25.00 twenty-five dollars.

" 'Arthur O. Taylor.'

—and by falsely pretending thereby that there was a bank in the city of Hudson, Wis., 'by the name of Cosmopolitan State Bank, and that he, said 'Arthur O. Taylor, had sufficient money on deposit subject to check in such bank, to meet the demand of the check above set forth when same should be presented for payment; that in truth and in fact there was no bank in the city of Hudson, Wis., on or about said 24th day of September, 1920, by the name of Cosmopolitan State Bank; that the check above set forth and mentioned was indorsed as follows: Arthur O. Taylor being written on the back thereof, against the form of the statute," etc.

[1] Some doubt is expressed by appellant's counsel as to whether the information may not have been framed under section 4253, Rev. Code 1919, as amended 'by chapter 133, Laws 1919, but it is perfectly clear that it does not state facts sufficient to constitute a crime under that section. The only question is whether it states facts·sufficient to constitute a crime under sec-tion 4249, Code 1919, which declares that—

"Every person who designedly, by color or aid of any false token or writing, 'or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable, etc."

It will be observed that the information does not charge that accused, by verbal representations did falsely state that there was a bank by the name of 'Cosmopolitan State Bank, or that he had

sufficient money on deposit subject to check in such bank to meet the same when it should be presented for payment. The allegation is that the defendant did willfully, knowingly, unlawfully, and feloniously obtain the money by executing and delivering a check, thereby falsely pretending that there was a bank, etc. The substance of the information is that the accused willfully, knowingly, unlawfully, and feloniously, did obtain money by means of a check on a bank which he knew did not exist.

Appellant contends, first, that the information fails to allege that the act was done "designedly," and does not contain other equivalent words; second, that the information contains no allegation that the act was done "with intent to cheat and defraud," and does not contain any allegation whatever as to intent.

[2]   The crime of false pretenses, as defined by section 645 of the Revised Penal Code 1903, was changed by section 4249, Code of 1919, by omission of the words "with intent to cheat and defraud." The new section, so far as material here, reads:

"Every person who designedly, by color or aid of any false token or writing, * * * obtains from any person any money or property, is punishable," etc.

Under this section a specific allegation that the act was done "with intent to cheat or defraud" is not required, and such intent is not a necessary element of the crime defined by this statute. The statute requires only that the act shall have been done "designedly."

[3]   In State v. Paul, 41 S. D. 40, 168 N. W. 739, this court held that it is sufficient to state the substance of a criminal statute in an information or indictment. In other words, that it is not necessary to use the exact language of the statute in charging an offense. The statute above quoted requires only that the accused "designedly, by color or aid of any false token or writing," shall have obtained from any person any money or property. It is appellant's contention that the words "willfully, knowingly, unlawfully, and feloniously" are not equivalent to, nor do they have the same meaning as, the word "designedly."

In State v. Paul, supra, quoting with approval from State v. Halida, 28 W. Va. 499, this court said:

"The pretense could not be knowingly false without at the same time being designedly false."

The ultimate fact constituting the body of the crime is the obtaining of property, by means of a false token or writing. The doing of an act "designedly" is the doing it with a purpose, or intention, or specific design. The "design" contemplated by the statute is the design to obtain the property of another; the means denounced by the statute is the use of a false token or writing. No other intent is essential.

The allegation that he knowingly employed a false token or writing in the form of a check on a bank which had no existence certainly charges him with knowledge that there was no bank such as that on which the check purported to be drawn.

The information is loosely drawn, and the form is not to be commended, but we think by a fair interpretation of the language used it sufficiently states a crime under the statute quoted.

The judgment and order of the trial court are affirmed.