THOMPSON, J.
 

 The defendant appeals from a sentence of three months in the penitentiary, having been convicted of driving and operating á motor vehicle and causing injury to property while in an intoxicated condition.
 

 The defendant has not followed up his appeal by either an oral argument by counsel or the filing of a brief.
 

 We find in the record six bills of exception.
 

 Bill 1.
 

 Prank Eason, a witness for the state, was asked by the district attorney the following question:
 

 “State whether or not the defendant, Black-wood, was intoxicated.”
 

 An objection was made that the question called for the opinion of the witness.
 

 We are not advised by the bill whether the question was answered or not. Assuming, however, that it was answered in the affirmative, we are of the opinion that the question was a proper one under such a charge. The condition of a man as to whether he is intoxicated or under the influence of intoxicating liquors is a fact and a matter of common knowledge and observation. Hence one who testifies as to such state or condition is merely stating a fact derived from observation and not giving expression to an opinion.
 

 Another question covered by the same bill was:
 

 “State where the other occupants of your car are and whether or not they were injured in the collision between your car and that of the defendant’s.”
 

 
 *269
 
 The objection to this question was that the matter was immaterial and irrelevant, Since defendant was not charged with injury to person. It does not appear from the bill that the witness testified in answer to the question that the occupants of the car were injured.
 

 However that may be, we think the question was permissible.
 

 The fact that the parties in the car were injured, if so be that they were injured, was so intimately connected with the criminal act as to form a part of it. The injury to the occupants could scarcely be disassociated from the injury to the automobile. Such injury to the occupants of the car was therefore not an independent and collateral fact. The witness could hardly give a full and complete statement of the facts of the collision of the'two ears without stating all the'results immediately and concurrently flowing therefrom.
 

 The main purpose of the question seems rather to have been to show that the occupants could not be produced as witnesses and to account for their absence.
 

 Bill 2.
 

 This bill is covered by the comments and 'ruling on the first part of the first bill.
 

 Bill 3.
 

 The state asked a witness Collins the following question:
 

 “State what you saw on the running board of the defendant’s car the morning after the accident.”
 

 The objection was made that the evidence sought was immaterial, irrelevant, too remote ; that a proper foundation had not been laid and it had not been shown that the car was in the same condition as at the time of the accident.
 

 The bill does not show that any answer was made to the question.
 

 ' W-e note, however; from defendant’s motion for a new trial, that the witness testified that he saw on the running board of the car the morning following the accident, evidence showing that somé one had vomited on the running board.
 

 One of the issues before the jury was the question of defendant’s intoxication, and the circumstance sought to be given in evidence was corroborative of the fact of intoxication, though, perhaps, remote in its effect in connecting the defendant with the fact testified to. The weight and effect to be given the circumstance was purely within the province of the jury.
 

 Bill 4.
 

 In,, the course of his argument the district attorney said to the jury:
 

 “How would you feel about it if a drunken man, driving his car over the road and on the wrong side, should run into your car and injure your wife and children?
 

 The defendant’s counsel objected, on the ground that the argument was prejudicial to the accused, for the reason that he was not charged with injury to a person.
 

 Counsel did not ask for any ruling by the court.
 

 The court, however, voluntarily instructed the jury on the subject of the remarks of the district attorney specially calling the jury’s attention to the fact that the defendant was charged with injury to property and not to person.
 

 We find no. reversible error , in the matter complained of.
 

 Bill ,5.
 

 The defendant requested the court to give the following charges to the jury: ' :
 

 (1) The defendant is charged with driving a car while intoxicated and damaging property of one Frank Eason. The fact that persons in the ear of the prosecuting witness were injured should not weigh with you in reaching a verdict.
 

 (2) It is as much your duty to see:that an innocent person is acquitted as it is your duty to5 .see that a guilty person is convicted. ■ ’’
 

 
 *271
 
 The judge states that the first charge was covered by his general charge and this fact is likewise made to appear in the judge’s per curiam to Bill No. 4.
 

 The second requested charge is a mere abstract proposition which the judge was not required to state to the jury.
 

 It must be assumed that the jury knew that it was no less its duty to acquit a person whose guilt had not been established beyond a reasonable doubt than to convict where the evidence established the guilt of the defendant beyond a reasonable doubt.
 

 The conviction and sentence are affirmed.