STATE, Respondent v. DALE, Appellant

(284 N. W. 770.)

(File No. 8205.   Opniion filed March 22, 1939.)

*W. J. Hooper,* of Gregory, for Appellant.

*H. O. Lund,* of Winner, *Clair Roddewig,* Atty. Gen., and *Ellsworth Evans,* Asst. Atty. Gen., for the State.

WARREN, P. J. Early in the morning of December 1, 1937, the defendant, Claude Dale, together with two young men, was driving from Winner to Gregory, South Dakota, on Highway U. S. No. 18. At a point somewhere between Colome and Dallas, South Dakota, Dale's car met the car of the complaining witness on a narrow bridge or culvert, the cars sideswiping one another. According to the testimony of both the defendant and the State, Dale had been drinking, but the amount of liquor consumed and the degree of his intoxication are in dispute. At the trial the jury found the defendant guilty of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. Defendant is here on appeal from the conviction.

Appellant at the outset in his argument contends that no proper plea was entered upon the minutes of the court as expressly provided for by Sec. 4782, S. D. Rev. Code of 1919, and further that there was no record of any of the minutes of the court; hence, the settled record as kept by the clerk does not disclose the entering of a plea to the information. We do not believe that, where the accused takes part in all the proceedings in the court as the record in this case discloses, he is now in a position to claim error. Without further reviewing the proceedings in

this opinion as to just what took place, we are thoroughly satisfied that the case of State v. Reddington, 7 S. D. 368, 64 N. W. 170, is controlling and that the failure of the record to affirmatively show arraignment and plea does not entitle the appellant to a new trial. See, also, Hack v. State, 141 Wis. 346, 124 N. W. 492, 45 L. R. A., N. S., 664; Dutton v. State, 123 Md. 373, 91 A. 417, Ann. Cas. 1916C, 89; State v. Gould, 261 Mo. 694, 170 S. W. 868, Ann. Cas. 1916E, 855.

■ Appellant's first eight specifications of error in assignment No. 1 relate to the trial court's ruling on evidence. We do not think that the rulings were prejudicial. In order to present those alleged as errors in as brief a space as possible we will state that the questions asked were to elicit whether or not the appellant appeared to be intoxicated; also, whether he appeared to be slightly intoxicated or very much intoxicated; further, what physical acts he displayed. To the questions propounded there were answers that he seemed to be intoxicated; that he talked "funny"; that he talked like he was intoxicated, that he staggered when he got out of the car and that he talked, of course," thick lipped." We are not of the opinion that the witnesses, who were present at the time in question and who described the appearance, conduct and conversation of the appellant, should be precluded from testifying to the matters disclosed in the record and we do not believe that it was error under the record. State v. Jenkins, 203 Iowa 251, 212 N. W. 475; State v. Michelski, 66 N. D. 760, 268 N. W. 713, and Butler v. State, 34 Okl. Cr. 239, 245 P. 1004. See, also, State v. Blackwood, 162 La. 266, 110 So. 417, and, State v. Wheelock, 218 Iowa 178, 254 N. W. 313.

■ Appellant complains that Exhibit "A," a bottle supposedly containing alcoholic liquor or gin, was received in evidence over the following objection: "Objected to as incompetent, irrelevant and immaterial, and no foundation has been laid for the introduction of the same. It is ,not shown that this bottle was ever in the possession of Mr. Dale or that he knew it was in the car." Appellant in his argument now urges that there is no testimony to show that there was liquor in the bottle when it was picked up and that from the time it was picked up until it was produced at the trial, its possession had not been sufficiently accounted for. We do not think that the appellant is entitled to sustain error under

the objection urged in the trial court. If the appellant had made his objection wide enough to include the possession of Exhibit "A" from the time it was picked up until it was marked for identification in the court, there would have been opportunity for the state to account for its possession and, if it failed to do so, then the evidence might have been rejected by the trial court. We do not believe that the trial court erred in admitting Exhibit "A" under the objection interposed.

Appellant excepted to certain instructions given to the jury covering our statute, Ch. 251, Title 5, § 63, page 317, S. D. Laws 1929, which prohibits a person from operating or attempting to operate a motor vehicle while under the influence of liquor, and which instruction is as follows: "You are instructed that under a charge of operating a motor vehicle while under the influence of liquor, it is not essential to the existence of the offense that the driver of the automobile should be so intoxicated that he cannot safely drive a car. The expression 'Under the influence of liquor' covers not only all well known and easily recognized conditions and degrees of intoxication, but any abnormal or physical condition which is the result of indulging in any degree in intoxicating liquor and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess." The instruction excepted to seems to be clear and concise and to us it does not seem prejudicial to any of the appellant's substantial rights. An Iowa statute (Code 1931, § 5027) relating to the operating of a motor vehicle upon a highway uses the following language: "while in an intoxicated condition." The Iowa Supreme Court, in dealing with an instruction attempting to define that phrase in State v. Wheelock, 218 Iowa 178, 254 N. W. 313, 318, said: "Under the laws of the State of Iowa a person is in an intoxicated condition in a legal sense when he is so far under the influence of intoxicating liquor that his passions are visibly excited or his judgment impaired by the liquor." It would seem that the Iowa statute, defining above what is meant by operating a motor vehicle upon a highway while in an intoxicated condition, is quite similar in meaning to the language in our statute "under the influence of liquor." Arizona and New Jersey have statutes that are almost identical with ours. The Supreme Court of Arizona in Hasten v. State, 35 Ariz. 427, 280 P. 670, has covered practically

every point raised by the appellant in the case before us, as has also the Court. of Appeals of New Jersey in the case of State v. Rodgers, 91 N. J. L. 212, 102 A. 433, and in a later case, Latimer v. Wilson et al., 103 N. J. L. 159, 134 A. 750. In all three of these cases they have considered questions precisely similar to those before us in favor of the prosecution. The reasoning employed by the courts in construing the phrase "under the influence of intoxicating liquor" leads us to believe that the trial court did not err in giving the instruction and that the instruction correctly stated that law to be applied upon the facts before us.

Under the heading of insufficiency of the evidence the appellant urges that there is no evidence to show that the crime was committed in Tripp County, South Dakota, or anything from which it could be so inferred. As we read the record, there is testimony that the crime was committed on Highway No. 18 between Winner and Gregory, three or four miles from Colome, South Dakota. The appellant testified that he met the Shriner car between Colome and Dallas on a curve about four miles from Dallas, about a mile south and three miles east of Colome right where the new road starts to run along the railroad track. We take it that, from the testimony given, the court and jury could easily infer that the location was well within Tripp County. A railroad map, state highway map or a map of the state as used in our schools would clearly disclose such facts that the court and jury could infer that this particular location, described by the witnesses as being between Colome and Dallas, was within Tripp County. "Venue, like any other fact, may be established by proof of facts and circumstances from which it may be inferred. Any map of Wisconsin will show that a mile and a half from Viroqua on highway No. 27 is clearly within Vernon county. See Kellar v. State, 174 Wis. 67, 182 N. W. 321." State v. Jackson, 219 Wis. 13, 261 N. W. 732, 733, 735.

We believe that the evidence was sufficient to bring this case under proof of venue in the information like any other material allegation; that it need not be established by express and positive testimony, but that it is sufficient if the circumstances and evidence tend to the conclusion in a manner satisfactory to the jury that the place of the crime corresponds with that set forth in the information, and as said in State v. Burmeister, 65 S. D. 600,

277 N. W. 30, 32: "The venue of an offense may be proved like any other fact in a criminal case. Absence of direct proof of venue does not defeat conviction where it is properly inferable from the evidence." People v. Adams, 300 Ill. 20, 132 N. E. 765; People v. McGregar, 88 Cal. 140, 26 P. 97; State v. Hesse, 154 Minn. 89, 191 N. W. 267. See Sec. 1575, 16 C. J. 770.

■ The appellant cites as sustaining his contention State v. First Nat'l Bank of Clark, 3 S. D. 52, 51 N. W. 780, 781. In that case there is language to the effect that the locus delecti must be shown by the evidence to be within the jurisdiction of the trial court. With that we agree. A close reading of the decision urged shows that there was no evidence as to where the transaction occurred. In the instant case we have evidence to the effect that the crime was committed upon the highway between Colome and Dallas, S. Dak. It clearly appears, therefore, that the facts in that case and in the case before us are easily distinguishable. There is a further statement in State v. First Nat'l Bank of Clark, supra, to the effect that: "It does not appear where the business, or any part of it, was transacted, whether at its office or some other place inside or outside of Clark county." That statement clearly indicates that there was no proof of the locus delecti within the county, while in the case before us there is evidence that the crime was committed on one of the state public highways between Colome and Dallas. Upon the authorities previously cited we do not believe that there should be a reversal, for we think that the evidence was sufficient to take this question of venue to the jury.

■■ Appellant in this same assignment contends that there is no evidence whatsoever to sustain the conviction that the appellant was under the influence of intoxicating liquor that night. As we view the evidence, there was a conflict in the evidence. The jury which heard the evidence found the appellant guilty as charged in the information. We are not in a position to say that the record does not disclose sufficient evidence to sustain the conviction. It was the province of the jurors to say what witnesses they would believe and to pass upon the various incidents and circumstances which, as testified to, were probable or improbable. Other errors complained of have been carefully considered and we feel that they are not prejudicial.

The order and judgment appealed from are affirmed.

All the Judges concur.