# STATE v. LOUIS T. GOTTWALT.[1]

December 6, 1940.

No. 32,480.

[1]Reported in 295 N. W. 67.

*J. A. A. Burnquist,* Attorney General, *M. Tedd Evans,* Assistant Attorney General, and *Austin L. Grimes,* County Attorney, for the State.

*Frederick J. Miller* and *Robert J. Phillips,* for defendant.

LORING, JUSTICE.

This is a criminal proceeding in the district court of Morrison county charging the defendant with the commission of the crime of obtaining the signatures of two persons to two notes and two mortgages by false pretenses, contrary to 2 Mason Minn. St. 1927, § 10386.[2]

After a preliminary hearing before a magistrate, the county attorney of Morrison county filed an information dated December 4, 1939, charging that the defendant, on or about May 2, 1939, with intent to defraud and cheat one Bollig and his wife, falsely represented that certain written invoices and memoranda in the sum of $17,400 represented the unpaid balance for material and labor used in the construction of a building by him for Bollig; that such representations were false; that defendant knew the unpaid balance did not exceed the sum of about $5,000; that by means of the false representations defendant obtained Bollig's and his wife's signatures to two notes and mortgages in the sum of $14,000 and $3,400 respectively, $12,400 in excess of the amount due him.

Defendant moved to quash the information on the ground "that no information can be lawfully filed for at the hearing held wherein the evidence wholly failed to show that the crime charged in said information or any crime whatsoever had been committed in Morrison county, Minnesota, but on the contrary the evidence affirmatively shows that no crime was committed." The motion was de-

[2]*"Obtaining signature by false pretenses*—Every person who, with intent to cheat or defraud another, shall designedly, by color or aid of a false token or writing or other false pretense, obtain the signature of any person to a written instrument, shall be punished by imprisonment in the state prison for not more than three years, or in a county jail for not more than one year, or by a fine of not more than three times the value of the money or property affected or obtained thereby, or by both."

nied. Defendant then demurred to the information on four grounds sufficiently indicated by the questions subsequently certified to this court after the demurrer was overruled on all the grounds stated. The judge of the district court being of the opinion that the questions of law raised upon the demurrer and the motion to quash were so important and doubtful as to require the decision of the supreme court, the case was so reported for a decision on the following questions:

(1) Does the information substantially conform to the requirements of 2 Mason Minn. St. 1927, §§ 10639-10642, as qualified by § 10647;

(2) Does the information charge more than one offense;

(3) Does the information state facts sufficient to constitute a public offense; and

(4) Was the evidence upon which the defendant was bound over to the district court sufficient to give the district court jurisdiction to warrant the filing of an information?

At the preliminary hearing evidence was introduced, but in view of our disposition of the fourth question we do not summarize it or comment upon it.

■ The challenge that the information does not conform to § 10639 is principally based upon the failure to set out in the information the invoices and memoranda which were alleged to have been used by the defendant to cheat the Bolligs. We think the allegations of the information are sufficient to charge the crime forbidden by § 10386 and that, if the defendant desires particulars with regard to the alleged false invoices and memoranda, he may demand a bill of particulars unless the papers are in his own possession.

■ Nor do we think that the information charges more than one offense. As pleaded, the two mortgages and notes were obtained by the same means in one transaction, notwithstanding that the separate notes and mortgages bore different dates.

■ The third challenge to the information is based on the assertion that it fails to allege that the defendant knew that the statements and invoices were false and fraudulent and failed to state that the complaining witness relied on the statements and invoices. The information sufficiently charges knowledge on the part of the defendant by alleging that he then and there well knew that the unpaid balance owing by the Bolligs to him did not exceed the sum of about $5,000, and, for the purpose of charging the offense, reliance is sufficiently alleged by stating that by means of the false pretenses and representations the defendant unlawfully, knowingly, feloniously, and designedly obtained the signatures of the Bolligs.

■ The fourth challenge to the information is not a ground of demurrer under § 10690, and, unless it came properly before the court on the motion to quash and is certified to us in connection with the court's ruling thereon, it is not properly before us. The statute, § 10665, applies to informations all the provisions of law relating to indictments and for testing the validity thereof. Section 10685 provides for motions to set aside indictments and specifies the grounds upon which such motions may be made, none of which covers the sufficiency of the evidence before the committing magistrate to justify him in finding that a crime has been committed and that there is probable cause for charging the defendant with it. Apparently the statute was intended to take the place of a plea in abatement, but this court has held that the statutory grounds are not exclusive. State v. Brecht, 41 Minn. 50, 52, 53, 42 N. W. 602. However, we do not think that the challenge to the sufficiency of the evidence before the committing magistrate is a proper subject for a motion to quash. In State v. Kelliher, 49 Or. 77, 80, 81, 88 P. 867, 868, in passing upon the exact question here before us, it was held that the sufficiency of the evidence before the district attorney or the grand jury could not be questioned by a motion to quash. Apparently in Oregon the district attorney has the power of finding an information without the evidence being first presented to a committing magistrate, and the same provisions of the statute apply to him as to a grand jury, that is, an indict-

ment or information should not be found unless the unexplained or uncontradicted evidence warrants a conviction by a trial jury, which is a stricter provision than the Minnesota provision applicable to a committing magistrate. The court, quoting from State v. Grady, 84 Mo. 220, 223, after holding that the sufficiency of the evidence could not be presented on a motion to quash, said: "If it were otherwise, it would result that the court would become the tribunal to indict." In State v. Finley, 6 Kan. 366, 370, it was held that the defendant could not, upon a motion to quash, raise the question as to whether the information had been found after a preliminary examination. This Kansas case was cited with approval in United States v. Achen, 267 F. 595, 598, where the United States district court held that the sufficiency of the evidence upon the preliminary examination could not be challenged by a motion to quash. Likewise, Judge Hand, in United States v. Morse (D. C.) 292 F. 273, 278, in holding that the sufficiency of the evidence before a grand jury could not be inquired into upon a motion to quash, remarked that such a practice would, in effect, result in a double trial and would render the administration of the criminal law most dilatory and cumbersome. In this state the defendant may challenge the sufficiency of the evidence before the committing magistrate in a timely proceeding by the writ of *habeas corpus*. Whether or not such a writ would lie after the finding of the information or after an indictment we do not need here to determine; but, in the interests of orderly procedure, we do determine that that question may not be raised by a motion to quash the information. Therefore the question certified to us on the motion to quash was not properly before the trial court and is not properly before us.

The other questions are answered, the first in the affirmative, the second in the negative, the third in the affirmative.