STATE, Respondent v. WOOD, Appellant

(86 N.W.2d 530)

(File No. 9646. Opinion filed December 9, 1957)

**Jerry G. Brennan** and **Walter J. Bradsky,** Rapid City, for Defendant-Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., Pierre, for Plaintiff-Respondent.

ROBERTS, J. Defendant was convicted in the Circuit Court of Pennington County of the crime of obtaining money by false pretenses, charged in the information to have been committed as follows: "That the said E. J. Wood on the 10th day of April A. D. 1956, at Rapid City, in

the County of Pennington and State of South Dakota did wilfully, unlawfully, and feloniously and designedly, by color or aid of a check dated April 9, 1956, drawn on the Sundance State Bank of Sundance, Wyoming, payable to the Rapid Business Buyers in the sum of $390.00, signed by D. H. Bryon, which said check the defendant then and there knew to be wholly and completely worthless, obtain from the Gamble's Store of Rapid City, South Dakota, credit and cash in the total amount of $390.00. Said false pretense consisting in this; that the said defendant at said time and place knew of his own knowledge that the payment had been stopped on said check by order of the maker thereof, D. H. Bryon, and full knowing of said fact, exchanged said check pretending that the same was a good and valid instrument for said money from the Gamble's Store of Rapid City, South Dakota, with intent to defraud, contrary to Section 13.4202 of the South Dakota Code of 1939."

▮ Defendant has appealed from the judgment of conviction assigning numerous errors which include the overruling of objection made at the beginning of the trial to the introduction of any evidence, and in arrest of judgment, on the ground that the information failed to charge a public offense. SDC 34.3514 specifies five grounds upon which a demurrer may be interposed to an information. SDC 34.3515 provides that these objections can only be taken by demurrer "except that the objection to the jurisdiction of the Court over the subject of the indictment or information or that it does not describe a public offense may be taken at the trial under the plea of not guilty, and in arrest of judgment." This section further provides that "a ruling or order at the trial sustaining an objection interposed by the defendant to the introduction of any evidence under the indictment or information shall have the same effect as a ruling or order sustaining a demurrer based on the same grounds." If it appears that the facts alleged do not constitute a public offense, the information may be attacked by objection to the introduction of any evidence. See State v. Egan, 44 S.D. 273, 183 N.W. 652. The record fails to disclose a basis for the assertion that

the question of the sufficiency of the information is not properly before this court for decision.

The pertinent provisions of SDC 13.4202 defining the crime of obtaining money or property by false pretenses read as follows: "Every person who designedly, by color or aid of any false token or writing, or other false pretense * * * obtains from any person any money or property * * * is punishable by imprisonment in the State Penitentiary * * *."

■ The essential elements of the offense against which the statute is directed are a false representation of a material existing or past fact, knowledge of its falsity, intent to defraud, reliance by the victim on the false representation, and surrender to the defendant of money or property because of the false representation. State v. Van Ruschen, 38 S.D. 187, 160 N.W. 811; State v. Paul, 41 S.D. 40, 169 N.W. 739; State v. Taylor, 44 S.D. 332, 183 N.W. 998; State v. Alick, 62 S.D. 220, 252 N.W. 644; State v. Pickus, 63 S.D. 209, 257 N.W. 284; State v. Lien, 72 S.D. 94, 30 N.W.2d 12.

■ ■ The challenge to the information is based upon the assertion that it does not describe with reasonable certainty the offense sought to be charged; that it does not allege to whom the false representation was made or that there was any reliance upon the representation. The information charges that defendant by means of the false pretense described in the information did designedly "obtain" from the Gamble's Store of Rapid City, South Dakota, the sum of $390. An information is sufficient if it states the elements of the offense with sufficient particularity to apprise the defendant of the crime charged and to enable him to prepare his defense and to be protected in the event of double jeopardy. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455. We think that the information sets forth the requisite elements of the crime. A connection between the pretense described and the obtaining of the money from the victim named sufficiently appears and specific allegation that except for the pretense the victim would not have parted with the money was not necessary. 35 C.J.S. False Pretenses § 42(d); State v. Gottwalt, 209

124

Minn. 4, 295 N.W. 67; State v. Hinshaw, 92 Kan. 1007, 142 P. 960; People v. Luttermoser, 122 Mich. 562, 81 N.W. 565.

 Defendant contends that the deputy state's attorney was guilty of such misconduct as requires reversal. After commenting upon the rule that the burden of proving defendant's guilt was on the State, counsel said to the jury that in his opinion the facts justified the conclusion that accused was "guilty beyond a reasonable doubt." This court has expressed itself as to the impropriety of a state's attorney expressing from personal knowledge his opinion as to the guilt of an accused. State v. Johnson, 76 S.D. 37, 71 N.W.2d 733. His belief is not evidence in the case. This is distinguishable from a statement to the jury of a belief based upon the facts in evidence. The state's attorney in other words has the right to argue to the jury that certain testimony in the case convinces him that accused is guilty. The record does not completely show the connection in which the belief of counsel was expressed, but seemingly was based upon evidence in the case. If the statement were not entirely proper, it clearly was not prejudicial.

 Defendant contends that the State failed to establish the venue of the offense. This court in State v. Dale, 66 S.D. 418, 284 N.W. 770, 772, following State v. Burmeister, 65 S.D. 600, 277 N.W. 30, held that the "venue of an offense may be proved like any other fact in a criminal case. Absence of direct proof of venue does not defeat conviction where it is properly inferable from the evidence." Joanne Boone testified that she was employed during April, 1956, by the Gamble's Store in Rapid City; that on April 10, 1956, she saw defendant in the store; that he wanted to make payment on his account; that he endorsed and handed to her the check in question; and that she credited his account and gave him a receipt for $109 and money in the amount of $281. The court will take judicial notice of the well-known geographical fact that Rapid City is in Pennington County. 31 C.J.S. Evidence § 33. In an early case, State v. First National Bank of Clark, 3 S.D. 52, 51 N.W. 780, it is stated that courts will

not take judicial notice of the location of a town, but this was dictum and unnecessary to a decision in that case. The evidence was sufficient in the instant case to take to the jury the question of venue.

The other assignments of error mentioned in the briefs have been considered. They are not of sufficient merit to require discussion.

Judgment appealed from is affirmed.

All the Judges concur.