PEOPLE *v.* SKRYPCZAK.

1. INTOXICATING LIQUORS — CRIMINAL LAW — EVIDENCE — SUFFICI-
ENCY.

In a prosecution for violation of the liquor law (Act No.
338, Pub. Acts 1917), evidence *held,* sufficient to justify
the court in submitting the case to the jury.

2. SAME—EVIDENCE OF OTHER OFFENSES.

Testimony that six months prior to the date of this of-
fense the officers took liquor from defendant's possession
at his place of business was inadmissible as bearing on
the probability of his having liquor in his possession on
the date charged.

3. SAME—APPEAL AND ERROR.

Where there was sufficient competent undisputed evidence
to sustain defendant's conviction, the case will not be
reversed because of the admission of incompetent testi-
mony.

Exceptions before judgment from Bay; Houghton
(Samuel G.), J. Submitted June 15, 1922. (Docket
No. 101.) Decided October 2, 1922. Rehearing de-
nied November 2, 1922.

Stanley Skrypczak was convicted of violating the
liquor law. Affirmed.

*Collins & Thompson,* for appellant.

*Merlin Wiley,* Attorney General, *Gilbert W. Hand,*
Prosecuting Attorney, and *Selwyn A. Lambert,* Assist-
ant Prosecuting Attorney, for the people.

MCDONALD, J. The defendant was convicted in the
Bay circuit court under an information charging him
with having in his possession on the 25th day of
March, 1922, at Bay City, 25 cases of beer and ale,

in violation of the provisions of Act No. 338 of the Public Acts of 1917 as amended. The case is in this court on writ of error.

The defendant is engaged in business in Bay City. It is the claim of the people that about two weeks before March 25, 1922, one Roy Gilbert and Walter LaBlanc, who lived in Ecorse, Michigan, went to the defendant's place of business and took his order for 100 cases of beer; that in company with another man named George Lane, they delivered 25 cases on the 25th day of March, 1922, and were about to deliver 63 cases on the 29th of March when they were arrested and the liquor confiscated. On the trial all three of these men were witnesses for the people. The defendant was not sworn as a witness in the case, and did not offer any other witnesses in his behalf. When the people's proofs were closed, counsel for the defendant made a motion to direct a verdict of not guilty on the ground that there was no substantive testimony that the defendant had beer and ale in his possession at the time and place charged in the information. The court denied the motion. It is claimed that this was error.

The point is raised by appropriate assignments of error, and is the important question in the case. The testimony of the people shows that LaBlanc and Gilbert went to defendant's place of business about two weeks before March 25, 1922, to take his order for a quantity of beer. Skrypczak said:

"He would take 100 cases of beer providing the price was right and it was beer, but he wouldn't be able to use it just at that time on account of some other fellow, who was going to bring him some, but he would take it in about two weeks or so."

They then agreed upon a price of $7.50 a case. It was understood that the beer was to be "Superior Lager" manufactured by the Walkerville Brewing

Company of Walkerville, Ontario. On the 24th of March, 1922, the three men bought and paid for 25 cases of this beer at Walkerville, Ontario, brought it by boat to Ecorse, thence by automobile to Bay City, where it was delivered to the defendant about 8:30 o'clock in the morning of the 25th. In the afternoon they returned to defendant's place and he paid them $187.50 for the 25 cases, and did not at that time make any complaint that it was not beer. While at defendant's place on the 25th, they drank Rob Roy ale from pint bottles, on which were the Walkerville Brewing Company's label. If this were all of the testimony, under the ruling of this court in *People* v. *Bodjack*, 210 Mich. 443, it would be sufficient to take the case to the jury; but there was other evidence, which we think was competent and has some bearing on this question. When the 25 cases were delivered they promised to deliver the balance of the order as soon as possible. Four days later they appeared at defendant's place of business at 2 o'clock in the morning with 63 cases, but were apprehended by police officers before delivery could be made. A chemical analysis of this liquor by the city chemist showed that it contained 4.2 per cent. alcohol. It was bought at the same place and for the same price as the 25 cases. It was put up in the same kind of cartons, bore the same label and was a part of the same order. Further, when the defendant gave his order for the 100 cases, he stipulated that it must be beer, and as he had an opportunity to examine it before paying $187.50 and made the payment without complaint, it is quite probable that what he received was real beer. We think there was ample substantive testimony to justify the court in submitting the case to the jury.

It is further urged by counsel for defendant that the court erred in receiving testimony to the effect that about October 22, 1921, six months prior to the

date of this offense, the officers took from defendant's possession, at his place of business, 430 bottles of beer and whisky. The court referred to this testimony in his instructions to the jury, telling them that it might be considered as having some bearing on the probability of defendant having beer and ale in his possession on the 25th day of March. This was clearly error, sufficiently serious to require a reversal of the case were it not for the fact that the undisputed competent evidence shows the defendant to be guilty of the offense charged against him in the information. If all of the evidence wrongfully admitted were to be eliminated from the case, there would be sufficient competent, undisputed evidence remaining to sustain the conviction. In view of these facts, the verdict of the jury should not be disturbed because of the improper admission of evidence or of misdirection of the jury.

What we have said as to this assignment will apply with equal force to the other errors assigned and discussed by counsel in their brief. Some of them have merit, but under the circumstances do not constitute reversible error. As the properly admitted undisputed evidence clearly shows the defendant's guilt, there has been no miscarriage of justice.

The conviction is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.