PEOPLE v. WHITE

1. APPEAL AND ERROR—CRIMINAL LAW—TRIAL.
    Issues raised regarding the conduct of a criminal trial that were not raised in the trial court cannot be raised for the first time on appeal.

2. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJECTION—PRESERVING QUESTION.
    Failure to make timely objection to instructions to the jury waives any right a defendant might have had to object to the instructions on appeal.

3. HOMICIDE—ADMISSIONS—CORPUS DELICTI.
    Admission of defense counsel that there was a killing, in the absence of any mention or offer of proof that defendant did not commit the offense, permitted the inference that defendant did the killing and relieved the prosecutor of proving that fact at a murder trial.

4. CRIMINAL LAW—ASSISTANCE OF COUNSEL—ADEQUACY OF COUNSEL.
    Allegation of inadequate defense did not present a valid ground for reversal where the record did not demonstrate that defendant's representation was so lacking in competence that it became the duty of the court or the prosecution to observe and correct it, nor did it demonstrate that the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice.

5. CRIMINAL LAW—APPEAL AND ERROR.
    An appellate court will consider manifest and serious errors with or without trial objection; however, failure to object to the order of the trial, admission of evidence, and to the court's instructions does not result in manifest or serious error.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 726.
[2] 5 Am Jur 2d, Appeal and Error § 623.
[3] 40 Am Jur 2d, Homicide §§ 4, 284.
[4] 21 Am Jur 2d, Criminal Law § 315.
[5] 5 Am Jur 2d, Appeal and Error §§ 778, 779.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 June 11, 1970, at Lansing. (Docket No. 7,638.) Decided July 1, 1970. Leave to appeal denied September 24, 1970. 384 Mich 760.

Lorimer D. White was convicted of murder in the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*T. George Sternberg,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

PER CURIAM. Defendant was charged with murder in the first degree. CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). Deceased, Ralph Smith, and defendant argued about money in a local coffee shop and were ordered out by the owner. After some alleged personal threats, evidence indicates they parted and each went to his residence and returned to the coffee shop a few minutes later with guns. Defendant shot and killed Smith in front of the shop. The jury convicted defendant of murder in the second degree. CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549). Defendant was sentenced to life imprisonment.

On claim of appeal, defendant raises numerous issues concerning the conduct of the trial and the jury instructions.

The issues raised regarding the conduct of the trial were not raised in the trial court and they cannot be raised for the first time on appeal. *People*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

v. *Will* (1966), 3 Mich App 330; *People* v. *Dailey*
(1967), 6 Mich App 99. Moreover, although given
the opportunity below, no objections to the instruc-
tions were raised by defendant. The failure of
timely objection waives any possible right he might
have had to object now to the instructions. *People*
v. *Allar* (1969), 19 Mich App 675; *People* v. *Mallory*
(1966), 2 Mich App 359; *People* v. *Wilkes* (1970), 21
Mich App 169.

The single objection to the admission of testimony
by a people's witness, Donald Winters, concerning
what certain witnesses for the people had told him
before trial, is without merit. On direct examina-
tion the following excerpt from the record shows
the content of the objections:

"*Mr. Harvey:* I object, your Honor. The other
persons have been witnesses here—if they are not,
it is hearsay, which is inadmissible.

"*The Court:* It would be hearsay. There is no
question about that. * * * The objection would
be sustained however, any witnesses he may have
interviewed who have here testified I think would
be out of the area on those. You will have to con-
fine it to whatever Mr. Bacca, Mr. Reed or Mr.
Burney had told you."

The defense registered no further objection and
did not cross examine. It is clear that defense
counsel did not specifically object to the testimony
of these three witnesses, which were the only ones
Winters quoted. The court was not called upon,
through proper objection, to rule on the admissibility
of the allegedly hearsay testimony of Bacca, Reed,
and Burney.

In defense counsel's opening statement the follow-
ing quotation from the record is important:

"There is no question in this case there was a kill-
ing but there are lesser offenses than murder; also

there may be no offense at all if the killing is done in self-defense."

In the absence of any mention or offer of proof that defendant did not commit the offense, the only conclusion is that he did the killing and that it was in a less degree or in self-defense. The admission of defense counsel that defendant had shot Smith relieves the prosecutor from proving that fact. *People v. Sybisloo* (1921), 216 Mich 1; *People v. Clark* (1967), 6 Mich App 526, 530; *People* v. *Autry* (1967), 7 Mich App 480.

With the *corpus delicti* admitted by defense counsel, it then was in order for the prosecutor to put the police officers, coroner, and doctor on the stand to testify concerning the circumstances. The testimony of these witnesses was admitted without objection.

Defendant's allegation of inadequate defense does not present a valid ground for reversal. Appellate courts try never to second-guess trial counsel on matters of strategy. *People v. Crosby* (1969), 19 Mich App 135; *People v. Shipp* (1970), 21 Mich App 415. This record does not demonstrate that defendant's representation was so lacking in competence that it became the duty of the court or the prosecution to observe and correct it, nor does it demonstrate that the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice. *People v. Davison* (1968), 12 Mich App 429; *People v. Hill* (1970), 21 Mich App 178.

It is true that an appellate court will consider manifest and serious errors with or without trial objection. Defendant's failure to object to the order of the trial, admission of evidence, and to the court's instructions does not result in manifest or serious error. Our review of the evidence leads us to con-

clude that even if part of the testimony had been eliminated through timely and proper objection there would still be sufficient competent, undisputed evidence remaining to convict. *People* v. *Skrypczak* (1922), 220 Mich 222, 225. The instructions, when reviewed as a whole did not mislead the jury and were adequate. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Charles Jackson* (1970), 21 Mich App 132.

The present record, viewed in its entirety does not indicate an obvious miscarriage of justice. Defendant does not demonstrate any serious or manifest error, nor is reversible prejudice shown on the basis of the issues raised. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096); GCR 1963, 529.1; *People* v. *Burnette* (1969), 19 Mich App 336.

Affirmed.