PEOPLE *v.* PERKINS

CRIMINAL LAW—PLEA OF GUILTY—MENTAL HEALTH—COMPETENCY.

> Failure to set aside defendant's plea of guilty and refer him for an examination to determine his competency to stand trial was not error even though the court stated at the time of sentencing that "You're sick *  *  * you need some help *  *  * " where the defendant did not assert facts raising the question of his competency to stand trial, did not assert that he did not understand the nature and object of the proceedings against him, nor that he was incapable of assisting in his own defense, and he had pled guilty to the charge and the court had examined him exhaustively regarding the nature of the charge, his rights, and the voluntariness of his plea, and the pre-sentence report expressly stated that the defendant was legally sane (MCLA § 767.27(a) [1] and [3]).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket No. 7,658.) Decided July 1, 1970.

Allen Perkins was convicted, on his plea of guilty, of indecent liberties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William O. Kelly, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

PER CURIAM. Defendant entered a plea of guilty to the charge of taking indecent liberties with a child under the age of 16 years. MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). After conviction and imposition of sentence, defendant sought to have both his plea and conviction set aside alleging that the trial court erred in accepting the plea of guilty when it believed or had reason to believe that accused was mentally ill, which would have required that defendant first be examined by the Michigan Department of Mental Health. MCLA § 767.27a(3) (Stat Ann 1970 Cum Supp § 28.966[11][3]).

The argument is without merit. At no time has defendant asserted facts alleging incompetency. No claim has ever been made that defendant did not in fact understand the nature of the charge against him or the proceedings of the guilty plea or sentence. Neither was the claim ever made that defendant could not assist in his own defense. Before accepting defendant's guilty plea, the court examined defendant exhaustively regarding his rights and his understanding of the nature of the charge against him and as to the voluntariness of his plea.

The statute referred to above allows the court to raise the issue of incompetency on its own motion where there is at least some showing of incompetency. There was no evidence or suggestion of incompetency and therefore the trial court correctly accepted defendant's plea of guilty.

Defendant bases his contention on a remark of the court made at the time of sentencing. "You're sick. And I think you admit that you need some help, don't you?" At this time the court had before it a psychiatric report as part of the pre-sentence investigation. This report expressly stated that defendant was legally sane.

Affirmed.