PEOPLE v. SCHMITT

1. CRIMINAL LAW—RIGHT TO JURY TRIAL—WAIVER—CAPACITY TO WAIVE—APPEAL AND ERROR.

Denying a motion for a new trial, based on the ground that defendant's waiver of jury trial was involuntary because of defendant's below-average intellectual capacity, was not an abuse of discretion where the trial court conducted a thorough examination of the defendant with respect to the jury waiver and determined that defendant was completely aware of his rights, and no proof or affidavit has been offered contrary to the trial court's finding.

2. HOMICIDE — INVOLUNTARY MANSLAUGHTER — EVIDENCE — INTOXICATION.

Sufficient evidence existed to find defendant guilty of involuntary manslaughter where the evidence showed defendant's erratic driving, sudden swerving into a lane of on-coming traffic, defendant's odor of alcohol, an empty wine bottle in defendant's car, and a death resulting from defendant's driving.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 April 6, 1971, at Lansing. (Docket No. 8541.) Decided April 27, 1971.

Donald W. Schmitt was convicted of involuntary manslaughter. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 219.
47 Am Jur 2d, Jury § 72 et seq.
[2] 7 Am Jur 2d, Automobile and Highway Traffic § 278 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William Goldberg,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and Mc-GREGOR, JJ.

PER CURIAM. The defendant was convicted of involuntary manslaughter. MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). While represented by appointed counsel he waived his right to trial by jury, electing to be tried by the judge. Appellate counsel was appointed, and a motion for a new trial was heard and denied by the trial court.

Defense counsel argues that the defendant's waiver of his right to trial by jury was not voluntarily made because of defendant's below-average intellectual capacity. The trial court conducted a thorough examination of the defendant with respect to the jury waiver and determined that the defendant was completely aware of his rights. The defense counsel has offered no proof or affidavit contrary to that finding. In the absence of a factual showing that the defendant was incapable of waiving his right to a jury trial, the trial court did not abuse its discretion in denying the motion for a new trial. See *People* v. *Perkins* (1970), 25 Mich App 184. As was said in *State* v. *Lingford* (1969), 43 Wis 2d 615, 624 (169 NW2d 617, 621):

"To the suggestion on this appeal that the defendant is neither of high intelligence nor well educated, the answer is that his attorney is both. That is why he was appointed at public expense to represent the defendant."

Defense counsel also argued that there was insufficient evidence to support the conviction. The evidence of defendant's erratic driving, sudden swerving into a lane of on-coming traffic, odor of alcohol, and an empty wine bottle in his car was sufficient evidence to support the trial judge's finding that the defendant was driving while under the influence of intoxicants. Since a death resulted, the elements of involuntary manslaughter were established. *People* v. *Ryczek* (1923), 224 Mich 106; *People* v. *Ogg* (1970), 26 Mich App 372. There was sufficient evidence from which the trial court could find the defendant guilty beyond a reasonable doubt. *People* v. *Townsend* (1921), 214 Mich 267.

Finally, appellate defense counsel makes the bare assertion that defendant's trial counsel did not adequately represent the defendant. There is no statement of how or in what way trial counsel was ineffective. The record does not demonstrate that the defendant's legal representation was so lacking in competence that it became the duty of the court or prosecution to correct it. The representation did not render the trial a mockery of justice; defendant received a fair trial. *People* v. *White* (1970), 25 Mich App 176.

Affirmed.