STATE, Respondent v. GREENE, Appellant

(192 N.W.2d 712)

**(File No. 10813. Opinion filed December 17, 1971)**
Order denying petition for rehearing 1-20-72

**Dudley R. Herman** of **Herman & Wernke,** Gregory, **Patrick J. Kirby,** Mitchell, for defendant-appellant.

**Gordon Mydland,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, **E. Steeves Smith,** Deputy State's Atty., Mitchell, for plaintiff-respondent.

RENTTO, Associate Judge.*

The information filed against the defendant was in two counts. Count I charged the offense of forgery in the third degree, count II forgery in the second degree. The jury found him guilty of both offenses. On each conviction he was sentenced to three years imprisonment in the state penitentiary, such terms to run concurrently. He appeals from the judgment entered on the verdicts.

Defendant, an insurance salesman, is a resident of Mitchell, South Dakota. On March 8, 1969 his automobile was damaged in a collision. It was insured against such loss by the Sunshine Mutual Insurance Company of Sioux Falls. The Myers Body Shop of Mitchell, at defendant's request, made an estimate of the cost of repairing it. The insurance company was advised of this estimate which apparently was the lowest made and was requested by the Body Shop, to include its name as a payee on the check when the loss was paid. The Ford Motor Credit Company of Sioux Falls had a lien on the automobile. The insurance policy provided protection for its interest therein.

---

* Retired Supreme Court Judge acting by appointment pursuant to SDCL 16-8-13.

On March 19, 1969 the insurance company issued its draft for $1,207.77 in payment of the loss. It was made payable to Larry or Mary Greene and Ford Motor Credit Company and Myers Body Shop. In due course it was returned to the drawee bank where it was paid. It bore the endorsements of the Credit Company, the Body Shop and the the defendant Larry Greene. The endorsements, other than that of the defendant, were forgeries.

In count I defendant is charged with having forged these two endorsements. Such conduct is proscribed by SDCL 22-39-14.[1] Count II is based on SDCL 22-39-27,[2] which prohibits having in one's possession with intent to defraud an instrument which he knows to be forged with intent to utter it as true. It charges him with violating this section. On this appeal he argues 12 questions which he denominates issues. The first of these involves the matter of venue.

■ This prosecution was instituted and tried in Davison County in which is located the city of Mitchell. He claims that it should have been brought in Hutchinson County where the draft was deposited to the L. Greene Agency account or in Minnehaha County where the draft was honored and paid by the insurance company. On this ground he moved for a directed verdict of acquittal which was denied. This he urges was error.

■ By venue is meant the county in which the prosecution is to be brought. The accused is entitled to be tried in the county where the crime was committed. South Dakota Constitution, Art. VI, § 7, SDCL 23-2-11; 22 C.J.S. Criminal Law § 173, p. 430;

---

1. "Every person who with intent to defraud falsely makes, alters, forges, or counterfeits any instrument in writing being or purporting to be the act of another, by which any pecuniary demand or obligation is or purports to be created, increased, discharged, or diminished, or by which any right or property is or purports to be transferred, conveyed, discharged, diminished, or in any manner affected, the punishment of which is not otherwise prescribed in this chapter, by which false making, altering, forging, or counterfeiting any person may be affected, bound, or in any way injured in his person or property is guilty of forgery in the third degree."

2. "Every person who with intent to defraud has in his possession any forged, altered, or counterfeit negotiable note, bill, draft, or other evidence of debt, issued or purporting to have been issued by any corporation or company, public or private, duly authorized for that purpose by the laws of this state or of any other state, government, or country, the forgery of which is declared to be punishable in this chapter, knowing the same to be forged, altered, or counterfeited, with intent to utter the same as true or as false, or to cause the same to be so uttered, is guilty of forgery in the second degree."

21 Am.Jur.2d, Criminal Law, § 398. As to the charge of forgery alleged in count I the venue is the county where the forging was done, unless within the purview of SDCL 23-9-17.[3] 36 Am. Jur. 2d, Forgery, § 29; 22 C.J.S. Criminal Law § 185, p. 461(15). As to the offense alleged in count II it is the locality where he had in his possession with intent to defraud, the draft in question, knowing the same to have been forged and intending to utter it as true. These are the essential elements of the crime charged against him in that count.

On the issue of venue the evidence was that the loss draft was mailed by the insurance company to its Agency at Mitchell. That office received it on March 21, 1969 and on the same day mailed it to the defendant, addressed to the L. Greene Agency at 1220 N. Capital in Mitchell, South Dakota. This was the address at which he was then living. The letter bore a return address but was never returned to it, nor did the defendant make any inquiry at the office concerning it. He originally reported his loss to that office and it prepared the proof of loss for him.

The draft, along with a printed deposit slip of the L. Greene Agency, dated 3/24/69 listing it to the deposit of that Agency was received by mail at the Farmers State Bank at Parkston, South Dakota, on March 25, 1969, fully endorsed. It was credited to the account of the L. Greene Agency, a business operated by the defendant in Mitchell, and sent on through banking channels to Sioux Falls for collection. Parkston is situated about 22 miles south of Mitchell on South Dakota Highway #37.

■ ■ The prosecution has the burden of proving venue. On this issue there is here no direct proof, but that is not required. "Absence of direct proof of venue does not defeat conviction where it is properly inferable from the evidence. "State v. Burmeister, 65 S.D. 600, 277 N.W. 30; State v. Wood, 77 S.D. 120, 86 N.W.2d 530. Venue may be proved by circumstantial evidence. It is sufficiently established "if the circumstances and evidence

---

3. "When a public offense is committed partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

tend·to the conclusion in a manner satisfactory to the jury that the' place of the crime corresponds with that set forth in the information." State v. Dale, 66 S.D. 418, 284 N.W. 770. We hold that the jury was warranted in finding that the crimes involved had been committed in Davison County as charged.

■ Unless a defendant's guilt is established beyond a reasonable doubt he is entitled to be acquitted. SDCL 23-44-5. Defendant contends that this applies to the proof of venue and asserts that the evidence does not establish it to that degree of persuasion. There is a division of authority on whether venue must be proved beyond a reasonable doubt or by a preponderance of evidence. Cases supporting these views are collected in State v. Wardenburg, 261 Iowa 1395, 158 N.W.2d 147. South Dakota is not listed in either camp.

Venue is not an integral part of a criminal offense. Dean v. United States, 8 Cir., 246 F.2d 335. It does not affect the question of guilt or innocence of the accused. State v. Rasch, 70 S.D. 517, 19 N.W.2d 339. In the Rasch case this court held that when the question of venue was whether the crime was committed within the state, it had to be established beyond a reasonable doubt. However, the reason impelling that conclusion is not present when the question of venue is concerned with counties within the state. Accordingly we hold that in the latter situation proof by a preponderance of evidence is sufficient. This question was not present in the Rasch case, but the rationale of that decision supports our conclusion.

■ The preliminary information charging defendant with these two crimes and on which the warrant for his arrest was issued was subscribed by Lloyd Hicks. As an individual he did business as the Myers Body Shop, one of the payees in the draft here involved. He had not filed the statement required by SDCL 37-11-1 showing the true surname of each person interested therein. SDCL 37-11-5 prohibits one who has not filed such statement from maintaining:

"any action at law or otherwise in the name under which the business is conducted nor on their own account to recover anything or enforce any right claimed to be due or arising out of the operation of said business until"

the required statement has been filed. On this ground defendant moved to quash the information filed by the state's attorney. The denial of his motion is challenged on this appeal.

We have no hesitancy in holding that the legislature never intended our fictitious name statute to have the effect which the defendant is here claiming for it. The primary purpose of the legislature in promulgating it was to afford the public protection against fraud and deceit. Mellgren v. Lewis and Tinsley, 77 S.D. 193, 90 N.W.2d 78. To adopt defendant's construction would read into it an absurdity. By signing the preliminary information the complainant was not seeking "to recover anything or enforce any right claimed to be due or arising out of the operation" of Myers Body Shop. In this connection it is proper to observe that "A criminal action is one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof". SDCL 23-1-1.

■ He urges that the court erred to his prejudice in giving instructions 7, 12 and 15. SDCL 23-46-1 provides that the manner of preserving exceptions and securing a settled record for the purpose of an appeal to the Supreme Court in criminal actions shall be the same as in civil actions. Our civil procedure rule, SDCL 15-6-51(b), requires that on the settlement of instructions:

"each counsel, or party, shall specify and state the particular ground or grounds upon which the giving or rejecting of any instruction is objected or excepted to. It shall be insufficient to state generally that an instruction does or does not state the law, but it shall be necessary to specify clearly wherein any instruction, or part thereof objected to, is insufficient or does not state the law."

It further provides that:

"No grounds of objection or exception to the giving or the refusing of an instruction shall be considered either on motion for new trial or appeal, unless presented to the court upon the 'settlement' of such instruction."

The transcript of the proceedings had on the settlement of the instructions discloses that as to 7 and 15 the objections made thereto did not specify clearly wherein they were insufficient or did not state the law. As to 12 it reveals that the ground now urged was not presented to the court. Consequently, the matters urged in these assignments are not before us. State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518.

■ The court declined to give four instructions requested by the defendant. He complains of this. The requests for these were made orally on the settlement of the instructions. This does not comply with the provisions of SDCL 15-6-51(a) which requires that all requests for instructions shall be in writing and in duplicate. It also spells out the physical makeup of them which, if complied with, will enable the trial judge to insert the original of any requested instruction which he adopts in the set which is to be used by the jury. The requirements of this rule must be substantially complied with. 53 Am.Jur., Trial, § 516; 88 C.J.S. Trial § 397, p. 1084. Since they were not, the court did not err in refusing to adopt them.

■ In both counts it is alleged that the acts described were done with intent to defraud the Ford Motor Credit Company, a corporation, and Lloyd Hicks d/b/a, Myers Body Shop. Defendant admits that because of a provision in the insurance policy involved, the Credit Company had a contractual right to be named as a payee in the loss draft, but claims that the Body Shop had no such right. From this assumption he proceeds to assert that since the allegation is that the intent to defraud was as to both of these parties there has been a failure of proof as to an essential element.

 It is well established that to constitute forgery it is sufficient that the writing involved possess some apparent legal efficacy. 37 C.J.S. Forgery § 14; 36 Am.Jur.2d, Forgery, § 24; Wharton's Criminal Law and Procedure (Anderson) Vol. 2, § 641. It is in the light of this rule that the payees named on the draft must be viewed. That some collateral or extrinsic facts might be developed to show that the Body Shop may not have been properly a payee is of no moment in this proceeding. Actual defrauding is not essential to the offense charged. Only the intent to defraud is and the jury could find that to exist even though this payee had no contractual right to be named on the draft.

The defendant next contends that the court erred to his prejudice in admitting Exhibits 4 and 6 into evidence. There is no merit in either of these assignments.

 On return of the verdicts on January 30, 1970, the court fixed February 26, 1970 at 1:30 p. m. as the time for passing sentence. When it convened at that time the state's attorney requested that the court hear evidence in aggravation of punishment as permitted by SDCL 23-48-16. He informed the court that he had advised counsel for the defendant of his desire to do this by letter mailed to them on February 11, 1970. They resisted his request but only on the ground that no order had been entered for such hearing. The court overruled that resistance and proceeded to hear the witnesses presented by the state in open court. His last complaint concerns this ruling.

Defendant did not request a continuance of the hearing nor otherwise indicate that he was not in a position to proceed with it. To the contrary his counsel participated in it actively and extensively in cross-examination of the witnesses called by the state. The court extended to them an opportunity to present evidence. This they declined, but they did make statements to the court in behalf of their client.

The statute involved, SDCL 23-48-16, so far as here pertinent provides:

"After a plea or verdict of guilty, in a case where discretion is conferred upon the court as to the extent of the punishment, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time, and upon such notice to the adverse party as it may direct."

It is to be observed that the statute permits the court in its discretion to hear the matter summarily and upon such notice as it may direct. The import of this is that it may properly be done without delay or formality. Webster's Third New International Dictionary (Unabridged); 83 C.J.S. p. 788. In view of the described circumstances we are not persuaded that the court abused its discretion in hearing the witnesses in aggravation as it did. Moreover the defendant does not claim that he was prejudiced thereby. See SDCL 23-1-2. That section directs us to disregard error that is not prejudicial.

Affirmed.

BIEGELMEIER, P. J., and HANSON, WINANS and WOLLMAN, JJ., concur.