Al TINES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 2, 1977.

Certiorari Denied by Supreme Court June 27, 1977.

Charles E. Alexander, Nashville, for appellant.

Brooks McLemore, Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Franklin, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of attempting to commit a felony and sentenced to serve seven (7) months and fifteen (15) days in the County Jail and to pay a fine of five hundred dollars ($500.00).

The Appellant was the sole owner of Tiny Auto Electric, Inc. from January of 1973, until July 16, 1973, when he sold his stock in the company to his brother, William Tines. On the same date, by resolution of the corporation, the Appellant resigned from the board of directors of the company and as an officer of the corporation. On May 24, 1974, the Appellant, along with Bobby Joe Griggs and William Tines, signed a continuing guarantee agreement not to exceed ten thousand dollars ($10,000.00) with the Liberty Bank of Brentwood. This was to guarantee a demand note in the sum of ten thousand dollars ($10,000.00) made by Liberty Bank to Tiny Auto Electric, Inc. and signed by William D. Tines. On May 30, 1974, a resolution of Tiny Auto Electric,

Inc. was filed with the Liberty Bank designating the Liberty Bank as depository of the corporation. This resolution showed the Appellant as Chairman of the Board and gave the Appellant draft authority on the corporation's account.

The evidence shows that on October 10, 1974, the Appellant issued a check in the amount of six thousand five hundred dollars ($6,500.00) to Tiny Auto Electric, Inc., a business establishment in Davidson County, Tennessee. The check was delivered to Tiny Auto Electric, Inc. on the date it was issued at its business location in Davidson County. The check was drawn on the Barnett Bank of Fort Walton Beach of Fort Walton Beach, Florida. The check was deposited in the account of Tiny Auto Electric, Inc. at the Liberty Bank of Brentwood in Williamson County. The Appellant did not make the deposit in the Liberty Bank of Brentwood. The check was processed by the Liberty Bank through the normal banking channels. On October 23, 1974, the Liberty Bank learned that the check had not been honored by the Barnett Bank because of insufficient funds. When the check was deposited, the account of Tiny Auto Electric, Inc. was overdrawn.

On October 10, 1974, the day prior to the deposit of the six thousand five hundred dollar ($6,500.00) check, the Tiny Auto Electric, Inc. account showed a balance of thirteen dollars and ten cents ($13.10). The bank had honored overdrafts on this account. The commercial banker of Liberty Bank discussed this problem with the Appellant and advised him that unless the account was cleared up, the bank would call the ten thousand dollar ($10,000.00) demand note. After the check was deposited to the Tiny Electric account, and the account was debited for previous overdrafts, the account was reduced to a balance of five thousand three hundred forty-seven dollars and seventy-eight cents ($5,347.78). An additional deposit of eight hundred dollars ($800.00) was made also. From October 11, 1974, the date the check was deposited, through October 23, 1974, when the Liberty Bank was notified that the check was not honored,

seventeen (17) checks were accepted by the Liberty Bank and paid from the Tiny Auto Electric, Inc. account. The total amount of these checks was six thousand seventy-two dollars and eighty-eight cents ($6,072.88). The balance remaining in the account was one hundred twelve dollars and twenty-six cents ($112.26). The six thousand five hundred dollars ($6,500.00) check has not been paid.

After the six thousand five hundred dollar ($6,500.00) check was returned to the Liberty Bank, the Appellant was notified that it had been returned for insufficient funds. The Appellant subsequently requested Liberty Bank to present the check to the Florida bank again. Liberty Bank sent the check bank through the banking channels on October 24, 1974. On November 8, 1974, the check was again returned marked insufficient funds.

On October 17, 1974, Liberty Bank wrote a letter to Tiny Auto Electric, Inc. demanding payment of the ten thousand dollar ($10,000.00) demand note. Appellant acknowledged the demand by his signature on the demand letter of October 17, 1974. On October 21, 1974, the Appellant and his brother, William Tines, came to the bank with a check in the amount of eight thousand nine hundred dollars ($8,900.00). This check was made out to the Appellant and he endorsed it to the bank. The proceeds of the check were used to reduce the ten thousand dollar ($10,000.00) demand note to six thousand five hundred dollars ($6,500.00).

A new note in the amount of six thousand nine hundred nine dollars and eighty-four cents ($6,909.84) was made. This included the principle amount of six thousand five hundred dollars ($6,500.00) plus four hundred nine dollars and eighty-four cents ($409.84) in advance interest. This note was executed by Tiny Auto Electric, Inc. and signed by Al Tines as Chairman and Bill Tines as President.

Four thousand seven hundred seventy-six dollars and fifty cents ($4,776.50) plus eigh-

teen dollars and thirty-two cents ($18.32) interest was applied to a previous note of Bill Tines. Two hundred fifty-five dollars and eighty-six cents ($255.86) was deposited to the account of Tiny Auto Electric, Inc. and one hundred dollars ($100.00) was deposited to the personal account of Bill Tines. This exhausted the eight thousand nine hundred dollar ($8,900.00) check.

In his first (1st) assignment of error, the Appellant says that venue was not in Williamson County where the case was tried. We disagree.

The question of venue is controlled, as we view the record, by the status of the Appellant in his relationship between the Liberty Bank and Tiny Auto Electric, Inc. This record reveals that the Appellant held himself out to the bank as a participant in the company. The bank, in dealing with the company, obviously relied heavily on the Appellant. The Appellant is revealed as the prime mover of this trust. When the company was in difficulty on October 10, 1974, because of overdrafts, the Appellant, by his check, solved the difficulty and obtained credit for the company account on which checks were written. There is sufficient evidence to show that when the check was made to the company in Davidson County that the Appellant knew that it would be deposited in the bank in Williamson County to secure credit for the company account.

It is our opinion that the Appellant was in control of Tiny Auto Electric, Inc. and that he issued the check in this case to obtain credit for the company. The purpose of T.C.A. § 39–1959, on which the prosecution is based, is to protect the public from fraud accomplished by the use of checks. State v. Cooley, 141 Tenn. 33, 206 S.W. 182 (1918). In Cooley the Court said:

"The purpose of the legislature in enacting the statute now under consideration being to protect the public from fraud accomplished by the use of a check drawn by the person tendering it, the court should hold . . . that one who

draws a check and accomplishes the designated fraud is within the statute, regardless of whether he drew the check on his personal account or in some representative capacity. . . ."

We hold under the facts present in this record, that the act of the Tiny Auto Electric, Inc., in depositing the check in Williamson County, was in fact the act of the Appellant who made his check available to Tiny Auto Electric, Inc., a company which he owned or substantially controlled. It was through this company, with Appellant's knowledge, that the fraud was accomplished. The evidence clearly shows that the check was deposited in Williamson County where the credit was obtained. Venue may be in one or more counties. T.C.A. § 40–105. The obtaining of credit took place in Williamson County. Therefore, the Appellant can be tried in that county even though the check was drawn in Davidson County. Taylor v. State, 520 S.W.2d 370, (Tenn.Cr.App. 1974). The Appellant set in motion an act in Davidson County which was consummated in Williamson County where the check was deposited and credit obtained. The first (1st) assignment of error is overruled.

In his second (2nd) assignment of error, the Appellant says the verdict is inconsistent with the proof.

The Appellant testified that at the time he wrote the check he asked his wife to transfer the funds necessary to cover the draft into the account into which the check was drawn. For unexplained reasons this was not done and the check was returned marked insufficient funds. The check was run through a second (2nd) time at the request of Al Tines after the Liberty Bank contacted the Florida bank on November 1 and found sufficient funds in the Appellant's account to cover the check. Since there was money in the account on November 1, 1974, to pay the check, Appellant insists that he could not be convicted. The

check was not paid because the Appellant had told the Florida bank not to honor the check since he had taken care of the six thousand five hundred dollar ($6,500.00) check by depositing the eight thousand nine hundred dollar ($8,900.00) check with the Liberty Bank on October 17, 1974. The evidence in the record clearly indicates that the eight thousand nine hundred dollar ($8,900.00) check of October 17, 1974, was for other consideration and not to pay the six thousand five hundred dollar ($6,500.00) check. The question of fraudulent intent is for the jury to determine from the credible evidence in the case. *State v. Rice,* 490 S.W.2d 516 (Tenn. 1973). We think the evidence is sufficient on which to base the verdict. The Appellant has failed to show that the evidence preponderates against the verdict. *State v. Grace,* 493 S.W.2d 474 (Tenn. 1973); *Jamison v. State,* 220 Tenn. 280, 416 S.W.2d 768 (1967).

■ In his third (3rd) assignment of error, the Appellant says it was error for the trial court to allow an improper hypothetical question.

The record indicates that when the hypothetical question was first objected to, the trial court sustained the objection. The jury was then excused, and after a colloquy between the trial judge and counsel for the State and Appellant, the Appellant withdrew his objection to the question on condition that he be allowed to ask certain questions concerning the hypothetical facts. The trial judge allowed this request, whereupon the hypothetical question was asked. Appellant's attorney then propounded his desired hypothetical question. We think Appellant thus waived any complaint concerning the matter. *Yates v. State,* 206 Tenn. 118, 332 S.W.2d 186 (1960).

■ In his fourth (4th) assignment of error, the Appellant says the court erred in not directing a verdict of acquittal at the close of the evidence. We do not agree.

When the evidence is conflicting and susceptible of different conclusions, a motion for a directed verdict should be overruled.

*Rambo v. State,* 4 Tenn.Cr.App. 466, 472 S.W.2d 911 (1971); *Hill v. State,* 4 Tenn.Cr.App. 325, 470 S.W.2d 853 (1971). The fourth (4th) assignment of error is overruled.

We note that the judgment is guilty of attempting to commit a felony and that the judgment renders the Appellant infamous.

■ We modify the judgment to show that the Appellant is guilty of attempting to commit the felony of violation of T.C.A. § 39–1959 by issuing a check of more than one hundred dollars ($100.00) without sufficient funds to pay the same. Further, the portion of the judgment rendering Appellant infamous is stricken as the offense is not one designated as an infamous crime. T.C.A. § 40–2712.

As modified, the judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.