STATE of South Dakota, Plaintiff and Respondent,

v.

Patrick R. BREWER, Defendant and Appellant.

No. 12257.

Supreme Court of South Dakota.

Argued March 10, 1978.

Decided May 31, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

John T. Elston, Hot Springs, for defendant and appellant.

DUNN, Chief Justice.

This is an appeal from a judgment of conviction for violation of SDCL 22–37–18, receiving stolen property. The defendant was convicted in a jury trial by the Circuit Court, Seventh Judicial Circuit. He appeals, raising several issues, one of them being the sufficiency of the evidence to prove that the crime took place in Fall River County. Because we conclude that the state failed to meet its burden of proof on the venue issue, we reverse.

Sometime between the evening of January 12, 1977, and the afternoon of January 14, 1977, some fifteen firearms, twelve hunting knives, an archery bow and arrow and a large quantity of ammunition were stolen from the home of David Bennett in Edgemont, South Dakota. The loss was reported to the police on January 14, 1977.

On January 27, 1977, Robert McMullen, a supervisory criminal investigator stationed at Pine Ridge, South Dakota, with the Bureau of Indian Affairs, received an anonymous phone call to the effect that defendant and others were in a particular car and were carrying loaded pistols that had been stolen in Edgemont. According to Mr. McMullen's testimony at the preliminary hearing, the phone call originated from White Clay, Nebraska. Mr. McMullen checked with the Fall River authorities and discovered that there had been a recent theft of weapons in Edgemont. He made out an incident report and circulated it to law enforcement officers in the Pine Ridge area.

That same day Kenneth Morsette, a criminal investigator with the Bureau of Indian Affairs, read the incident report and proceeded to the residence of one of the individuals identified as being in the car. On the way he observed the car, stopped it within the boundaries of the Pine Ridge Reservation, and questioned the occupants. They refused to allow him to search the car and were placed under arrest for violating liquor law on the reservation. The defendant was driving the car when this stop and arrest occurred. He and his friends were taken to the Pine Ridge jail where a search warrant was obtained from Tribal Judge Hildegarde Catches, and a search of the vehicle took place. Several weapons, some ammunition and a hunting knife were taken from the trunk of the car and later identified as belonging to David Bennett.

On April 21, 1977, defendant and Harry Wing, one of the other occupants of the car, were tried together. In his opening statement, defense counsel stated that the guns were purchased in Edgemont, which is in Fall River County. The defendant did not take the stand nor did he in any way present facts to substantiate counsel's statement. Both defendants were convicted and Patrick Brewer has appealed.

We must make an initial determination as to whether venue had to be proven beyond a reasonable doubt or only by a preponderance of the evidence. This court dealt with that issue as recently as 1971 by setting down the following rule:

"Venue is not an integral part of a criminal offense. *Dean v. United States*, 8 Cir., 246 F.2d 335. It does not affect the question of guilt or innocence of the accused. *State v. Rasch*, 70 S.D. 517, 19 N.W.2d 339. In the *Rasch* case this court held that when the question of venue was whether the crime was committed within the state, it had to be established beyond a reasonable doubt. However, the reason impelling that conclusion is not present when the question of venue is concerned

with counties within the state. Accordingly we hold that in the latter situation proof by a preponderance of evidence is sufficient." *State v. Greene*, 1971, 86 S.D. 177, 183, 192 N.W.2d 712, 716.

In this case, the arrest was made on the Pine Ridge Reservation, the anonymous phone call came from White Clay, Nebraska, and Fall River County is located on the South Dakota-Wyoming border. This is sufficient to raise a question as to whether venue lies within the State of South Dakota. According to the rule set down in *State v. Rasch*, 70 S.D. 517, 19 N.W.2d 339, and *State v. Greene*, supra, the state had to show venue beyond a reasonable doubt.

 The strongest evidence of venue was the statement made by defense counsel in his opening statement that the guns were purchased by the defendant in Edgemont. After observing the state's case, the defendant chose not to introduce any evidence in support of that statement by counsel. There is little authority on the issue of whether a statement by defense counsel relieves the state of proving a particular element of a crime, and the authority that does exist is divided. A Michigan appellate court has concluded that the admission by defense counsel of a fact relieves the prosecution from proving that fact. *People v. White*, 1970, 25 Mich.App. 176, 181 N.W.2d 56. On the other hand, appellate courts in Oklahoma and Georgia have ruled that the corpus delicti must be proven independently of any opening statements by defense counsel. *Holt v. State*, 1975, Okl.Cr. 531 P.2d 348; *Brown v. State*, 1973, 129 Ga.App. 743, 201 S.E.2d 14. The opening statement is a statement of what counsel expects the evidence to show, and it is not evidence in and of itself. SDCL 15–14–1(1) and (2). In view of the serious ethical considerations in the area of attorneys testifying for clients and the attorney-client privilege which would arise if an opening statement made by counsel could relieve the state of part of its burden of proof, we conclude that the elements of an offense must be proven independently of any opening statements or admissions made by defense counsel.

 The only evidence introduced by the state on the issue of venue was circumstantial. The occurrence of the theft in Fall River County, the fact that the defendant resides in that county, and the fact that the automobile had Fall River County license plates are all relied upon by the state. Weighing against these factors are the two-week time lag between the theft and the arrest, and the fact that the arrest took place on the Pine Ridge Reservation. The jury was not presented with the fact that the anonymous phone call came from a town in Nebraska. This court has recently set down the following rule concerning appellate review of verdicts based on circumstantial evidence:

" '[A]t the trial level, [the rule] is that such evidence must be conclusive and must exclude every reasonable hypothesis of innocence, but at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction.' " *State v. Luna*, 1978, S.D., 264 N.W.2d 485, 488.

The circumstantial evidence relied upon by the state does not reasonably tend to prove that the stolen property was received in Fall River County. The defendant's place of residence and the occurrence of the theft in Fall River County may be probative of the venue of the theft, but when considered in light of the two-week delay and the stopping of the car on the Pine Ridge Reservation, those facts shed little light on the question of where the property was received. Because the state failed to produce evidence from which the jury could reasonably find venue beyond a reasonable doubt, we reverse the judgment and remand the case for a new trial.

Finally, we note that this case raises the question of jurisdiction of a Pine Ridge Tribal Court over a non-Indian on the reservation. Subsequent to this arrest, the United States Supreme Court handed down its decision in *Oliphant v. Suquamish Indian*

*Tribe,* 1978, —— U.S. ——, 98 S.Ct. 1011, 55 L.Ed.2d 209, which deals with this question. Without expressing any opinion on whether *Oliphant* is controlling, we suggest that this jurisdictional issue be considered · in the event of retrial.

ZASTROW, PORTER and MORGAN, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

I would hold that the circumstantial evidence relied upon by the state was sufficient to support the finding that the crime was committed in Fall River County. See *State v. Burmeister,* 65 S.D. 600, 277 N.W. 30; *State v. Rasch,* 70 S.D. 517, 19 N.W.2d 339. Accordingly, I would affirm the conviction.