#25196-rev & rem-JKK

**2010 S.D. 92**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA, Plaintiff and Appellee,

v.

MARK IWAN d/b/a BELVIDERE STORE, Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
HUTCHINSON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE GLEN W. ENG
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

GARY CAMPBELL
Assistant Attorney General          Attorneys for plaintiff
Pierre, South Dakota                and appellee.

DAVID W. SIEBRASSE                  Attorney for defendant
Pierre, South Dakota                and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 4, 2010

OPINION FILED **12/08/10**

#25196

KONENKAMP, Justice

[¶1.]     Defendant was convicted in Hutchinson County of grand theft by passing an insufficient funds check in Jackson County. His motion to dismiss for lack of proper venue was denied because the circuit court reasoned that the ultimate recipient of the check was in Hutchinson County. On appeal, we conclude that the acts constituting the offense occurred in Jackson County, and therefore, the case should have been dismissed for lack of proper venue.

## Background

[¶2.]     Mark Iwan owns and operates Belvidere Store in Belvidere, Jackson County, South Dakota. Based in Hutchinson County, Stern Oil Company distributes motor vehicle fuel to gas stations and convenience stores, including Belvidere Store. Iwan bought fuel on credit, but when his unpaid balance reached $145,000, Stern Oil decided to deal with him by cash-on-delivery (COD). Accordingly, Stern Oil directed its driver, Jim Lindholm, to deliver fuel to Iwan only on that basis.

[¶3.]     After Iwan called Stern Oil and requested a fuel delivery, Lindholm arrived in Belvidere on April 12, 2008 to deliver the fuel. Lindholm told Iwan that he could not make the delivery unless Iwan paid for it. Iwan wrote a check, and Lindholm delivered the fuel. When Lindholm finished, Iwan handed Lindholm a sealed envelope and explained that the check for the fuel was inside as well as several other checks for payment to Stern Oil. Lindholm returned to his work site in Rapid City, placed Iwan's sealed envelope in another envelope, applied postage, and mailed it to Stern Oil.

-1-

[¶4.] Stern Oil received the envelope and deposited the $26,000 check immediately. It was later returned for insufficient funds, and Iwan never covered it. Iwan was charged with one count of grand theft by insufficient funds check in violation of SDCL 22-30A-17 and SDCL 22-30A-24.

[¶5.] Through every stage of the proceedings, Iwan challenged venue in Hutchinson County. But the circuit court ruled that although Iwan handed the check over in Jackson County, Iwan knew it would be mailed to Stern Oil, and thus, sufficient evidence supported venue in Hutchinson County. The court further held that venue is a question for the finder of fact and, "[t]herefore, the court cannot rule on the appropriateness of venue."

[¶6.] During the settling of jury instructions, Iwan objected to two venue instructions. The first instruction:

> When a public offense is committed partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense occur in two or more counties, the venue is in either county.

*See* SDCL 23A-16-8. The second instruction:

> Where the commission of a public offense involves the use of the mails, the venue of the offense is in any county where the letter is deposited or delivered, or where it is received by the person to whom it is addressed.

*See* SDCL 23A-16-14. The court overruled Iwan's objections.

[¶7.] The jury returned a guilty verdict. Iwan appeals, asserting that the court erred in failing to grant a judgment of acquittal for lack of venue and in instructing the jury on venue. Iwan also argues that the State failed to prove the

check was passed for present consideration. We only address the first issue, as it is dispositive.

## Analysis and Decision

[¶8.] Iwan first argues that proof beyond a reasonable doubt, rather than preponderance of the evidence, is the appropriate burden because the South Dakota Constitution affords him "the right . . . to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." *See* S.D. Const. art. VI, § 7. That right is also codified in SDCL 23A-16-3.

[¶9.] In *State v. Greene*, we specifically addressed this question. 86 S.D. 177, 183, 192 N.W.2d 712, 716 (1971). We acknowledged that some courts require proof beyond a reasonable doubt, but concluded that the higher burden was not required because venue is not an integral part of the offense: it does not touch on the question of guilt or innocence. *Id.* We adhere to our decision in *Greene*; the proper burden of proof was applied in this case. *See State v. Sullivan*, 2002 S.D. 125, ¶ 7, 652 N.W.2d 786, 788; *State v. Haase*, 446 N.W.2d 62, 65 (S.D. 1989); *State v. Graycek*, 335 N.W.2d 572, 574 (S.D. 1983).

[¶10.] Iwan next argues that the court erred when it failed to grant a judgment of acquittal when there were no acts or effects constituting grand theft in Hutchinson County. Similarly, he argues that because he did not personally mail the check to Stern Oil, the delivery of the check by mail to Hutchinson County does not create venue there.

[¶11.] The facts related to venue are undisputed. Iwan, while in Jackson County, called Stern Oil, in Hutchinson County, and requested a fuel delivery.

Stern Oil sent Jim Lindholm from Rapid City to make the delivery in Jackson County. Iwan gave Lindholm a sealed envelope with checks to Stern Oil. Lindholm took the sealed envelope, drove back to Rapid City, placed the sealed envelope in another envelope addressed to Stern Oil, applied postage, and mailed it.

[¶12.] An accused has a "right to a . . . trial . . . [in] the county in which the offense is alleged to have been committed." SDCL 23A-16-3. Here, Iwan was alleged to have committed grand theft by insufficient funds. That crime occurs when "[a]ny person who, . . . for present consideration, with the intent to defraud, passes a check drawn on a financial institution knowing at the time of such passing that there are not sufficient funds in the account on which the check was drawn in the financial institution for the payment of such check[.]" SDCL 22-30A-24.

[¶13.] The State argues that venue is proper because "the effects of Iwan's criminal acts in Jackson County came home to roost in Hutchinson County, where he knew the check, as all the other checks he had sent to [Stern Oil] went." *See* SDCL 23A-16-8. The State contends that because Iwan's check arrived in Hutchinson County via "the mails," regardless of the fact that Lindholm mailed the check, SDCL 23A-16-14 supports venue in Hutchinson County.

[¶14.] First, the "passing" of the insufficient funds check occurred in Jackson County, at the time Iwan gave the check to Stern Oil's agent knowing there were insufficient funds in his account.[1] Second, Iwan did not use "the mails" to pass the

---

1. *Cf. Tines v. State,* 553 S.W.2d 913 (Tenn. Crim. App. 1977) (cited by the State). In *Tines,* defendant drafted an insufficient funds check in one county, which was deposited, not by him, in Williamson County. The matter was tried in Williamson County and defendant contested venue. Unlike this case,

(continued . . .)

insufficient funds check.[2]  He handed the check to Lindholm in a sealed envelope,

which Lindholm later placed in another envelope and mailed to Stern Oil.

Lindholm is Stern Oil's employee and there was no evidence that Iwan knew

Lindholm would mail the envelope to Stern Oil rather than deposit the check on

behalf of Stern Oil.  Neither SDCL 23A-16-8 nor SDCL 23A-16-14 create venue in

Hutchinson County.  The acts constituting the charged offense were committed on

April 12, 2008, in Jackson County, when Iwan passed to Lindholm an envelope

---

(. . . continued)

> in *Tines,* the status of the defendant and his relationship with the company created venue in Williamson County.  Although defendant did not personally deposit the check in that county, the court held that "the act of the [company], in depositing the check in Williamson County, was in fact the act of the [defendant] who made his check available to [the company], a company which he owned or substantially controlled.  It was through this company, with [defendant's] knowledge, that the fraud was accomplished." *Id.* at 916.  Here, Iwan did not control Stern Oil or Lindholm, and he had no relationship with the bank so as to create venue based on Stern Oil's actions in receiving and depositing the check or Lindholm's actions in mailing the envelope.

2.  *Cf. State v. McMillian,* 111 P.3d 1154 (Or. Ct. App. 2005) (cited by the State).  Defendant was charged in *McMillian* with forgery, not theft by insufficient funds.  Defendant sold cattle without permission on behalf of defendant's victims.  The company purchasing the cattle issued checks to defendant in defendant's victims' names.  Rather than give the checks to the intended recipients, defendant forged and deposited them in defendant's bank.  The checks traveled through normal banking channels and were tendered for payment in Union County.  Defendant was tried in Union County for forgery.  Defendant challenged venue because he did not personally deliver or tender the checks for payment in Union County.  The court held that "[t]he legal effect of that delivery by defendant's innocent agents — the collecting banks — was the same as if defendant personally had tendered those checks for payment." *Id.* at 1156.  Here, Lindholm is not Iwan's agent, and theft by insufficient funds did not occur when Stern Oil received and deposited the check.  It occurred when Iwan passed the check to Lindholm, Stern Oil's agent, for present consideration and with knowledge that there were insufficient funds in the account.

#25196

containing the insufficient funds check, given in exchange for the delivery of fuel.

We reverse and remand for entry of an order of dismissal.

[¶15.]     Reversed and remanded.

[¶16.]     GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and

SEVERSON, Justices, concur.